174 So.2d 16 (1965)
Ralph STEELE, Petitioner,
v.
A.D.H. BUILDING CONTRACTORS, INC., Robert F. Coleman of Florida, Inc., and Florida Industrial Commission, Respondents.
No. 33733.
Supreme Court of Florida.
April 7, 1965.
Rehearing Denied May 6, 1965.
*18 Richard A. Sicking, Kaplan, Ser, Abrams & O'Malley, Miami, and Steve Watkins, of Truett & Watkins, Tallahassee, for petitioner.
Lally, Miller & Hodges, Miami, Patrick H. Mears, Tallahassee, and J. Franklin Garner, Lakeland, for respondents.
THOMAS, Justice.
This cause is presented on a petition for certiorari to review an order of the Florida Industrial Commission reversing an order of the deputy commissioner.
The petitioner was hurt during his employment, as a carpenter, when he fell from a roof injuring his back and shoulders. He filed claim for compensation. The parties then agreed to a settlement by which the injured workman would receive 50% permanent partial disability. The stipulation was comprehensive, covering the various aspects of the claim. Included in it was the following language:
"The rating agreed to below is based upon the employee's hearing loss, his shoulder injury, the extent of aggravation and/or acceleration of his low back problems, and after a compromise of the parties' assertions with respect to the employee's incapacity because of his injuries to earn in the same or any other employment the wages he was receiving at the time of the injury."
The stipulation was approved by the deputy commissioner 4 June 1962, and on 2 December 1963 a hearing was held on a petition of respondents to modify the deputy's order. It developed at the hearing that the claimant was then working as a masseur although on occasion since his injury he had done light carpentry work, and he stated that he would not give up his work as a masseur and return to light carpentry work because that caused him pain.
At this hearing, concerning modification, it was evidently agreed that the claimant still suffered a 20% permanent partial disability of the shoulder and 15% disability of the back. We say "evidently" because that is a fair interpretation of the record. Moreover, the petitioner states in his brief that this was "stipulated" and the respondents do not challenge the statement.
The deputy concluded that there was no substantial evidence either of a change of condition or mistake of fact.
The case then went to the Full Commission where the deputy's order was reversed, it having been the view of that body that the stipulation with reference to the "50 per cent permanent partial disability of the body as a whole as a result of * * * [claimant's] diminution of earning capacity" was based on the inability of claimant to return to his former occupation of carpentry.
We find in the record abundant support for the deputy's conclusion that there had been no mistake of fact or change of condition, one of which must be established to warrant modification of the original order which was thoroughly justified, if for no other reason, because it was founded on the stipulation of the parties. We think it may be assumed without any violence of logic that when parties agree to facts and induce a deputy to enter an order because of confidence in their joint representation, all of them are in poor position later to represent that they were mistaken about those facts, in the absence of fraud, overreaching or some such element, but none is indicated in this case.
The Full Commission, despite the stipulation, thought the deputy should have *19 modified his order because of a basic fact since the claimant had been shown to have indulged in carpentry work after the entry of the order for compensation and benefits.
It should be repeated here that even in the hearing on modification, it was evidently stipulated that the claimant still had a 20% permanent partial disability of the shoulder and 15% such disability of the body as a whole "with reference to the injuries to his back."
As we construe the Full Commission's order, it was directed to a mistake of fact rather than a change of condition although in the petition of the respondents they alleged "a mistake in determination of fact and/or a change in condition," a combination of conjunctions long since condemned by this court when Mr. Justice Terrell writing for the court said it was a barbarism "sired by indolence and damned by indifference." Cochrane v. Florida East Coast Ry., 107 Fla. 431, 145 So. 217. Upon study we think the two situations mentioned in F.S.A. Sec. 440.28, Workmen's Compensation Law, may not be blended or scrambled but must be treated separately.
It is not too difficult to temper the effect upon a stipulation of an application for modification on the ground of a change in condition, for conceivably such an accord might be based on a present condition while progress of an injury not realized or anticipated at the time might develop into a different condition more or less serious. In such circumstances the remedy under the statute would obtain.
One entering a stipulation relative to present facts should be sure of his ground before he executes the agreement and subsequently reaps benefits from it. If he is unsure, he should consult counsel at his elbow or should simply decline and rely on the determination of the deputy and the Full Commission. Such an agreement should neither be ignored nor set aside in the absence of fraud, overreaching, misrepresentation or withholding facts by the adversary or some such element as would render the agreement void.
The execution of a stipulation is, of course, strictly within the control of the parties undertaking to settle a controversy and in making it binding, once signed, bears a close analogy to the situation created when the provisions of F.S.A. Sec. 440.20(10) of the Workmen's Compensation Law are effectuated. The section deals with lump sum settlement and provides that when a settlement is made on the joint petition of all parties the order putting it into effect "shall not be subject to modification or review under 440.28." To our minds there is no difference in principle between insulating a stipulated lump sum settlement from modification and holding a stipulation of facts precluded from modification under the statute.
To repeat, there is no indication of any fraud, overreaching, misrepresentation or concealment on the part of the claimant which would have vitiated the stipulation. Smith v. Smith, 90 Fla. 824, 107 So. 257.
Stipulations have long been approved and encouraged as means of expediting the resolution of controversies. Dunscombe v. Smith, 139 Fla. 497, 190 So. 796. And there is as much reason to utilize them in cases arising under Workmen's Compensation Law as in other disputes, if not more, inasmuch as they affect directly the wages of the working man and delay consequently deprives him and his family immediately of the meat and bread to sustain them.
Although the opinion of the Full Commission seems to be directed to mistake of fact instead of change of condition which is touched upon most lightly even though the petition of the respondents shows they sought relief under one category or the other, or both, we have examined the record *20 and formed the conviction that there was no justification for disturbing the ruling of the deputy so far as it closed the door on an argument that there was a change of condition. In brief, the claimant did some carpentry sporadically after the deputy's order was entered; then he abandoned such activity and became a masseur because he found the former painful.
In all these circumstances there was no occasion for holding that the deputy commissioner erred. And as we have held, the error or "mistaken determination must be one which has been committed by the deputy or the full commission." Power v. Joseph G. Moretti, Inc., 120 So.2d 443.
The Order of the Full Commission reversing the deputy is itself reversed with directions to reinstate the Order of the deputy denying the Motion for Modification.
DREW, C.J., and ROBERTS, CALDWELL and ERVIN, JJ., concur.