PER CURIAM.
Appellant/claimant seeks review of an order of the judge of industrial claims contending the judge erred in finding his claim time-barred under § 440.19, Florida Statutes (1977). We agree and reverse. In a pretrial stipulation, approved and accepted by the judge of industrial claims on September 29, 1978, the employer agreed that the medical treatment of Dr. Berg was authorized. This stipulation was admitted into evidence at the final hearing on October 26, 1978, as judge’s exhibit one without objection from the employer.
As the Supreme Court stated in Steele v. A. D. H. Building Contractors, Inc., 174 So.2d 16, 18 (Fla.1965):
We think it may be assumed without any violence of logic that when parties agree to facts and induce a deputy to enter an order because of confidence in their joint representation, all of them are in poor position later to represent that they were mistaken about those facts, in the absence of fraud, overreaching or some such element, .
We are aware that the judge of industrial claims may sometimes modify stipulations to prevent injustice, Delta Drilling Company, Inc. v. Wells, IRC Order 2-3708 (1979). However, here, as in Gory Roof Tile v. Wooden, IRC Order 2-3640 (1978) the record does not indicate any request to depart from the stipulation.
Accordingly, we hold that the stipulation was binding, therefore the statute of limitations should have been tolled.
Reversed and remanded for proceedings consistent with this opinion.
MILLS, C. J., and McCORD, J., concur.
BOOTH, J., dissents with an opinion.