ADKINS, Justice.
This cause is before us on petition for writ of certiorari to review an order of the Industrial Relations Commission affirming that of the Judge of Industrial Claims. We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution (1972).
At issue is payment for attendant care services as provided for by a stipulation and subsequent order thereon. Claimant was hospitalized in the fall of 1977. At a hearing on January 19,1978, the issue of attendant care was discussed; the following excerpt from the record reflects the stipulation on this issue:
Counsel for Claimant: And, also Judge, since the middle of December, which I think was the 16th or 17th of December, the claimant was released from the hospital and the ... it is agreed and stipulated by and between the parties that $150.00 a week shall be paid for him for attendant care by Mr. Faulkner until further Order of the Court.
Counsel for Employer/Carrier: Or as long as reasonably necessary, yes. I don’t know that we say the further Order of the Court.
Counsel for Claimant: And I would like the stipulation to further read that the $150.00 be paid directly to Mr. Parler [claimant] because part oi that money goes to paying the rent and part of it goes to paying the food of the attendant and so much to the attendant. That’s how it was arrived at so we’d like the stipulation... .
Counsel for Employer/Carrier: I think that should be satisfactory with the carrier.
Judge: Fine
Counsel for Claimant: Fine
Judge: So stipulated
On February 20, 1978, the Judge of Industrial Claims entered an order which stated, inter alia:
It is further stipulated between the parties that the employer/carrier will pay *710 to the claimant $150.00 per week, beginning December 16, 1977, representing compensation for attendant care.
At the time the above order was entered, the Judge of Industrial Claims and carrier were unaware that claimant had discontinued the services of Mr. Faulkner and had gone to South Carolina to stay with his family as of February second. When the carrier learned of this on February 28th it stopped payment on a draft which would have paid the weekly amount through that date and reissued a draft in an amount which paid claimant only up to February 2, 1978. The employer/carrier then petitioned to modify the February 20th order to exclude payment for attendant care while claimant was with his family. After a hearing the Judge of Industrial Claims found that based upon the stipulation as approved in the February 20th order, “the employer/carrier is responsible for and should pay to the claimant compensation for attendant care from February 2,1978 to April 17, 1978 or 10.5 weeks at $150.00 per week.” The Industrial Relations Commission affirmed this without discussion.
At the hearing on the petition for modification the employer/carrier argued that a change of condition had occurred between the oral stipulation of January 19th and the order entered on that stipulation on February 20th, /. e., claimant had disengaged Mr. Faulkner and had moved in with his family. The claimant argued that the February 20th order for attendant care was binding until the employer/carrier presented evidence that the need for such care had ceased. The Judge of Industrial Claims did not address these arguments, choosing instead to rely blindly on the stipulation for attendant care.
We find that there has been a departure from the essential requirements of the law.
In Steele v. A. D. H. Building Contractors, Inc., 174 So.2d 16 (Fla.1965), the parties stipulated to a 50% permanent partial disability rating which was approved by the deputy commissioner. At a subsequent hearing on a petition to modify that order, the employer/carrier presented evidence that claimant was working intermittently at his pre-injury occupation. Admittedly, there remained at least a 20% permanent partial disability to the shoulder and 15% to the back. The deputy commissioner concluded there was no substantial change of condition or mistake of fact and denied the petition for modification. The Industrial Relations Commission reversed. This Court reversed the Industrial Relations Commission saying:
We find in the record abundant support for the deputy’s conclusion that there had been no mistake of fact or change of condition, one of which must be established to warrant modification of the original order which was thoroughly justified, if for no other reason, because it was founded on the stipulation of the parties. We think it may be assumed without any violence of logic that when parties agree to facts and induce a deputy to enter an order because of confidence in their joint representation, all of them are in poor position later to represent that they were mistaken about those facts, in the absence of fraud, overreaching or some such element, but none is indicated in this case.
174 So.2d at 18. (Emphasis in original).
This language does not forever preclude modification of an order based upon a stipulation. Indeed, the same decision goes on to state:
It is not too difficult to temper the effect upon a stipulation of an application for modification on the ground of a change in condition, for conceivably such an accord might be based on a present condition while progress of an injury not realized or anticipated at the time might develop into a different condition more or less serious. In such circumstances the remedy under the statute would obtain.
Id. at 19.
We believe the latter precept applies to the facts in this case. At the time the parties agreed to $150.00 per week for attendant care, the claimant had not yet left for South Carolina. By the time the order was( entered, conditions seemed to have *711 changed. The Judge of Industrial Claims should not have disregarded these allegations simply because the disputed order was based upon a stipulation. There is no competent substantial evidence in the record to support his order; the Industrial Relations Commission erred in affirming it on this point.
The order of the Industrial Relations Commission is quashed and the cause is remanded to the deputy commissioner (former Judge of Industrial Claims) for a hearing in accordance with the views herein expressed.
It is so ordered.
SUNDBERG, C. J., and OVERTON and ALDERMAN, JJ., concur.
BOYD, J., dissents.