SHIVERS, Judge.
Claimant, Boyd Maggard, appeals from the deputy commissioner’s order granting a motion to dismiss sought by the employer/carrier, Montverde Academy and Mission Insurance Company. The issue on appeal is whether the deputy commissioner erred in dismissing claimant’s request for medical treatment notwithstanding his stipulation in a lump-sum settlement that such medical treatment was not related to his industrial injury. We find that the deputy commissioner did not err in dismissing claimant’s request, and affirm.
Claimant was injured on July 27, 1984, when he inhaled noxious gas and fumes while working as a janitor for Montverde Academy. One of claimant’s examining doctors, Dr. Clarence Gilbert, determined that claimant suffered from calcific aortic stenosis. However, Dr. Gilbert indicated that there was no causal relationsip between claimant’s heart condition and his work-related exposure to chlorine gas. In January of 1986, the deputy commissioner entered an order approving a stipulation for lump sum settlement. In this stipulation, both appellant and appellee agreed that claimant’s heart condition was not causally related to his exposure to chlorine gas.
In February of 1986, claimant, this time represented by different counsel, sought benefits for past and future medical treatment claiming that his work-related accident was the cause of his heart condition. Because claimant had previously stipulated that his heart condition was not connected to his work-related exposure to chlorine gas, the employer/carrier filed a motion to dismiss which the deputy commissioner granted.
In Steele v. A.D.H. Building Contractors, Inc., 174 So.2d 16, 18 (Fla.1965), the Florida Supreme Court had occasion to discuss the instances where a lump-sum stipulation may be avoided:
We think it may be assumed without any violence of logic that when parties agree to facts and induce a deputy to enter an order because of confidence in their joint representation, all of them are in a poor position later to represent that they were mistaken about those facts, in the absence of fraud, overreaching or some such element_
[[Image here]]
One entering a stipulation ... should be sure of his ground before he executes the agreement and subsequently reaps benefits from it. If he is unsure, he should consult counsel at his elbow or should simply decline and rely on the determination of the deputy and the Full Commission. Such an agreement should neither be ignored nor set aside in the absence of fraud, overreaching, misrepresentation or withholding facts by the adversary or some such element as would render the agreement void.
See also Espada Enterprises, Inc. v. Spiro, 481 So.2d 1265 (Fla. 1st DCA 1986) (finding as an independent basis for reversing deputy commissioner that deputy incorrectly failed to adhere to parties’ factual stipulation which indicated shooting death for which benefits were being sought took place in Miami and hence was not work-related). The court in Steele v. A.D.H. Building Contractors, Inc. compared the finality of executing a factual stipulation to that of entering into a lump sum settlement: “To our minds there is no difference in principle between insulating a stipulated *606 lump-sum settlement from modification and holding a stipulation of facts precluded from modification under the statute.”[1] 174 So.2d at 19.
Claimant concedes that there is nothing in the record to indicate any fraud, overreaching or misrepresentation on the part of the employer/carrier. Rather, claimant argues that the stipulation’s attempt to “wash out” his entitlements to future medical benefits voids the entire agreement under section 440.20(12)(a), Florida Statutes (1985). Section 440.20(12)(a) provides that “[i]n no case may a lump-sum payment be allowed in exchange for the release of an employer’s or carrier’s liability for future medical expenses.” This language suggests, and claimant in fact contends, that a stipulation which attempts to arrange a lump-sum payment in exchange for release of an employer/carrier’s future liability for medical expenses is voidable. Without reaching the merits of this contention, we note that the employer/carrier specifically stated in the stipulation at issue that it would “continue to pay off future authorized medical expenses resulting from this injury subject to the terms and limitations of Florida’s Workers’ Compensation Law.” Consequently, appellant incorrectly maintains that the employer/carrier attempted to “wash out” all future medical benefits.
The Florida Supreme Court’s reasoning in Steele v. A.D.H. Building Contractors indicates that factual stipulations such as the one agreed to in the instant case should be upheld absent a showing of fraud, overreaching or misrepresentation. There being no suggestion of these factors in the record before the court, we find that the deputy commissioner’s granting of the employer/carrier’s motion to dismiss should be affirmed.
AFFIRMED.
ERVIN and ZEHMER, JJ., concur.

. The "statute” mentioned by the court is section 440.20(10), Florida Statute (1965), which provided:
“Upon joint petition of all interested parties and after giving due consideration to the interests of all interested parties, if he finds that it is for the best interests of the person entitled to compensation a deputy commissioner may enter a compensation order approving and authorizing the discharge of the liability of the employer for both compensation and remedial treatment, care and attendance by the payment of a lump sum equal to the present value of all future payments for both compensation and remedial treatment, care and attendance; and a compensation order so entered upon joint petition of all interested parties shall not be subject to modification or review under § 440.28.”
The current analogue to section 440.20(10) is section 440.20(12)(b)(l), Florida Statutes, (1985).