SMITH, Judge.
Appellant, the employer/carrier, challenges an order awarding payment of medical bills of an unauthorized physician. We reverse.
Appellee, the claimant below, injured his back in an industrial accident, and was determined to be permanently and totally disabled. In June 1987, appellee began receiving palliative care from Dr. Dolce, M.D. In November 1988, appellant and appellee executed a stipulation whereby the appellant agreed to pay attorney fees, costs and outstanding medical charges. Appellant *845 also agreed to reimburse appellee for certain out-of-pocket medical expenses. The parties stipulated that appellee would be solely responsible for the cost of care by a non-authorized physician and that Dr. Dolce was not an authorized physician. The stipulation was ratified by the JCC. Though under the care of other authorized physicians, appellee returned to Dr. Dolce in February 1989. In June 1989, the principal treating physician, Dr. Fishman, informed the appellee he had nothing else to offer him. Appellant refused to authorize Dr. Dolce, and the appellee rejected the five orthopedists offered by appellant. Thereafter, appellee filed a claim for payment of Dr. Dolce’s medical bills, authorization for future care by Dr. Dolce, costs, interests and attorney fees. Following a hearing, the JCC ordered payment of Dr. Dolce’s bills from June 1989 until the date of the order. The remainder of the claim was denied.
On appeal, appellant argues the award was erroneous because appellee waived his right to see Dr. Dolce by entering into the stipulation. Moreover, there being no demonstrated emergency, the appellee is not entitled to reimbursement for treatment by an unauthorized physician regardless of the stipulation.
The JCC did not find that appellee sought Dr. Dolce’s care in an emergency, nor did she explain why the appellee should not be bound by the stipulation. A stipulation should not be ignored absent a showing of fraud, overreaching, or misrepresentation, Steele v. A.D.H. Building Contractors, Inc., 174 So.2d 16 (Fla.1965), or a showing of a change of circumstances necessitating an order that a stipulation be modified. See, Fuller Lumber Co. v. Parler, 390 So.2d 709 (Fla.1980). In the absence of a finding in the order, based on the record, explaining why the stipulation is not binding, the order for payment for treatment by Dr. Dolce is deficient, and must be reversed. We therefore reverse the order appealed and remand for further proceedings and entry of an amended order either enforcing the stipulation regarding treatment by Dr. Dolce, or setting forth reasons why the stipulation between the parties should not be given effect.
REVERSED and REMANDED.
WENTWORTH and WIGGINTON, JJ., concur.