577 So.2d 655 (1991)
McArthur MYRICK, Appellant,
v.
GILLARD GROVE SERVICE and FEISCO, Appellees.
No. 90-1428.
District Court of Appeal of Florida, First District.
March 28, 1991.
John D. Kaylor, of Kaylor & Kaylor, Winter Haven, and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for appellant.
Richard Lovesky of Harkavy, Mitchell, Stewart, Lovesky & Durrett, P.A., Sarasota, for appellees.
PER CURIAM.
McArthur Myrick, the claimant below, appeals a workers' compensation order which dismisses his claim for benefits finding that he did not have a compensable accident. We reverse.
Claimant was involved in two accidents, one on March 1, 1988, and the other on June 21, 1988. The non-compensability *656 of the March 1 accident is not in dispute. With regard to the June 21 accident, however, the employer/carrier (EC) stipulated as to both the accident date and its compensability. The Judge of Compensation Claims (JCC), contrary to the EC's stipulation, found that the June 21 accident was not compensable and denied benefits. In doing so, he erred.
Once the EC make a pretrial stipulation accepting the date of injury and the existence of a compensable accident, the issue of whether the claimant suffered an accident is moot by the time of the final hearing. Coq v. Fuchs Baking Co., 507 So.2d 138 (Fla. 1st DCA 1987). When the EC made the stipulation they waived the right to make compensability an issue. DOT v. King, 554 So.2d 1192 (Fla. 1st DCA 1989). The fact that there was some conflicting evidence as to the accident date and compensability does not constitute grounds for the JCC to reject the stipulation. Christian v. Greater Miami Academy, 541 So.2d 701 (Fla. 1st DCA 1989). The JCC can reject a stipulated fact only if it is unsupported by any evidence. Id.; Fuller Lumber Co. v. Parler, 390 So.2d 709 (Fla. 1980). A stipulated fact supported by conflicting evidence may be set aside only upon a showing that the stipulation is void due to fraud, overreaching, misrepresentation or similar circumstances which render an agreement void. Maggard v. Montverde Academy, 505 So.2d 604 (Fla. 1st DCA 1987); Espada Enterprises, Inc. v. Spiro, 481 So.2d 1265 (Fla. 1st DCA 1986). The JCC made no such finding here, nor would one be supported by the record. The EC never sought to have the stipulation set aside, and the JCC never declared it void. The joint stipulation of the parties is binding on the JCC, and a finding by the JCC at variance with the stipulation will be overturned. Wright v. Golf Drive Residence, Inc., 412 So.2d 884 (Fla. 1st DCA 1982).
In light of our holding, we do not need to reach the remaining issues on appeal which include whether the JCC erred in failing to allow claimant to reopen his case once he became aware that the compensability of the June 21 accident was disputed by the JCC. Accordingly, we reverse the finding that the June 21 accident was not compensable, and remand for further proceedings consistent herewith.
REVERSED and REMANDED.
NIMMONS, BARFIELD and ALLEN, JJ., concur.