NESBITT, Senior Judge.
A worker’s compensation recipient, arguing a miscalculation of benefits, and his care giver spouse arguing her entitlement to overtime and other amounts due, appeal the summary judgment entered in the worker’s compensation provider’s favor. We affirm.
After a 1988 industrial accident, Rene Marin suffered a compensable work related injury. Travelers Insurance Company *626 (Travelers) provided worker’s compensation insurance to Marin’s employer. Pursuant to Marin’s compensation claim, on September 9, 1992, a stipulation was entered by Marin and Travelers. The Stipulation provided in part:
Paragraph No. 7. The parties hereby stipulate that the claimant has been provided attendant care services since July 13, 1990 by his wife, Maria C. Marin, in the amount of twelve hours per day which shall be paid by the employer/ear-rier at the rate of $4.25 per hour or at the Federal Minimum Wage, which ever shall be greater. The parties stipulate that the claimant waives any entitlement to penalties and interest.
Paragraph No. 8. The parties stipulate that the employer/carrier shall continue to pay attendant care benefits to the claimant’s wife, Maria C. Marin for as long as same are provided by her and deemed medically necessary by an authorized treating physician.
Payments were made for some six years without question or complaint. In October of 1998, however, Marin and his wife filed the instant action against Travelers, maintaining that they were due unpaid minimum wage amounts, as well as overtime pursuant to the Fair Labor and Standards Act (FLSA). Counts I and II, brought by Mrs. Marin, sought recovery of the unpaid minimum wages, unpaid overtime, liquidated damages, interests, costs, and attorney fees, due pursuant to the stipulation. Count III, brought by Mr. Marin, was a Petition for Rule Nisi to enforce the Order on Straight Stipulation and sought the same damages as those in Counts I and II. The Marins and Travelers filed opposing Motions for Summary Judgment with supporting affidavits and discovery. The trial court entered summary judgment for Travelers and this appeal followed.
In response to the Marins’ complaint that rather than meeting federal minimum wage requirements, Travelers had been paying Mr. Marin for attendant care services at below the minimum wage, Travelers maintained that this was an oversight and made the minimum wage correction. Due to a miscalculation, an additional payment followed. The two payments totaled $6,319.20. As to the other claims made, Travelers maintained it was not Mrs. Marin’s employer, but rather had a contractual relationship with Mr. Marin which, by payment of the corrected sums sought, had been satisfied. We agree.
The test of employment under the FLSA is one of “economic reality.” See Tony & Susan Alamo Found, v. Secretary of Labor, 471 U.S. 290,105 S.Ct. 1953, 85 L.Ed.2d 278 (1985). Five considerations are applied in determining the extent of economic dependence critical to characterization as an employee: (1) the. degree of control the alleged employer exercises over the workers; (2) the workers’ opportunity for profit or loss; (3) the workers’ investment in facilities and equipment; (4) the permanence of the “employment” relationship; and (5) the skill required to perform the work. See Trustees of Sabine Area Carpenter’s Health & Welfare Fund v. Don Lightfoot Home Builder, Inc., 704 F.2d 822, 825 (5th Cir.1983).
Whether a particular set of facts and circumstances constitutes work under FLSA is a question of law. See Dade County v. Alvarez, 124 F.3d 1380 (11th Cir.1997). We conclude that the trial court was correct in its decision that the parties had entered a contractual agreement but not an employment relationship. Interviews were not conducted in choosing Mrs. Marin and there was no supervision of her performance. Additionally, she received no company benefits. In sum, we agree with the trial court’s conclusion that the indicia of an employment relationship were simply not present. By reaching an agreement wherein the claimant’s wife would provide the claimant with needed services, the wife did not become an employee of the worker compensation provider.
*627 The trial court properly concluded that once the terms of the contract had been met, no claim for other non agreed upon benefits could be added. See Steele v. A.D.H. Bldg. Contractors, Inc., 174 So.2d 16 (Fla.1965)(concluding that evidence failed to show any such change in condition or mistake in determination of fact as would warrant modification of compensation order based on stipulation of parties in the absence of any indication of fraud, overreaching, misrepresentation, or concealment by claimant which would vitiate stipulation).
Accordingly, the order under review is affirmed.