**F.M., Plaintiff,**

v.

**PALM BEACH COUNTY, Defendant.**

**No. 94–8229–CIV.**

United States District Court,
S.D. Florida.

Feb. 18, 1995.

Isidro M. Garcia, Lake Worth, FL, for Plaintiff.

Denise Blau, West Palm Beach, FL, for Defendant.

### ORDER UPON DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT ON ISSUE OF SETTLEMENT AND RELEASE

HURLEY, District Judge.

This matter comes before the court upon defendant's motion for summary judgement on the issue of settlement and release (DE 62–1.) Upon consideration of that motion, all responsive pleadings filed thereto, supplemental briefs filed at the request of the court, and relevant portions of the record, the court concludes the following.

Plaintiff was employed as a maintenance worker with defendant from 1985 until his termination in 1992. This action arises out of his termination. Specifically, plaintiff alleges that defendant terminated him on account of his handicap and/or perceived handicap in violation of 1) The Florida Human Rights Act, Fla.Stat. 760.10, 2) The Rehabilitation Act of 1973, 29 U.S.C. § 791, and 3) 42 U.S.C. § 1983. Plaintiff's § 1983 claim was dismissed by prior order of the court.

In this motion, defendant argues that a joint release stipulation ("stipulation") entered into by the parties, in part, to settle a workers' compensation claim should operate as a bar to the claims asserted in this action. Initially, there was some question as to the validity of the stipulation's provision releasing the claims involved in this action. However, after reviewing the parties supplemental briefs on the issue and revisiting the stipulation, the court finds it to be a valid release.

The stipulation at issue here contains a very broad release provision which provides as follows:

As further consideration of the aforementioned payment, the Employee/Claimant agrees and does hereby release, discharge, and surrender *any and all claims, whether*

*or not asserted* against the Employer/Carrier or Servicing Agent, or any of its officers, agents, servants, assigns, and any other person or entity so connected to the Employer/Carrier or Servicing Agent, *of any nature whatsoever* except only (1) further medical claims pursuant to other provisions of this agreement if settlement is pursuant to F.S. 440.20(12)(a) only, or (2) penalties, interest or attorney's fees which might be due because of late payment of Order approving this Joint Petition.

(Petition, attached to Defendant's Statement of Material Facts as Exhibit K, pp. 4–5. *Emphasis added.*) As the court noted in its prior order, it is clear that this release, if enforceable, bars the claims asserted in this action. However, the court initially expressed some reservation at giving it that effect based on a subsequent provision in the joint petition which conditions its terms upon the approval of a Judge of Compensation claims.

> The parties clearly understand that this agreement must be approved by a Judge of Compensation Claims before it becomes legally binding.

(Petition, p. 9. *Emphasis original.*)

 Taking another look at the stipulation as a whole, it appears that all of its terms can be harmonized. When possible, the court must give effect to an agreement's clear meaning. Furthermore, as defendant properly notes in its supplemental brief, it is axiomatic that a contract should receive a construction which will uphold it rather than render it nugatory, invalid or illegal. *Orlando v. Murphy*, 84 F.2d 531 (5th Cir.1936). In this case, there is only one interpretation the court may give to the stipulation which neither grossly distorts its clear terms, nor renders it invalid in its entirety.[1] It releases all of plaintiff's claims against defendant, and though for statutory reasons it requires approval of the judge of compensation claims (as it resolves some compensation claims

which, by law, must be approved by such a judge,) is not limited only to those claims over which that judge might have had jurisdiction.[2] Read this way, all of its terms are valid and it can be given the meaning it most plainly effectuates.

As a final note, the fact that plaintiff was represented by counsel at the time the stipulation was signed also weighs in the court's analysis. Given that fact, the court must assume that plaintiff was made aware of the petition's plain meaning. Indeed, if he was not, the proper remedy is not the invalidation of the settlement agreement.

**ORDERED** and **ADJUDGED** as follows:

1) Defendant's motion for summary judgement on the issue of settlement and release (DE 62–1) is **GRANTED.**

2) This case is **DISMISSED.**

3) This court retains jurisdiction to adjudicate any disputes relating to fees and costs.

4) The Clerk of Court is directed to enter this case **CLOSED** for administrative purposes, and declare all pending motions **MOOT.**

---

1. Importantly, the stipulation contains a provision which requires that all of its terms be given effect in order for any of them to be valid. (Petition, p. 9.)

2. A state court may approve and enforce a settlement releasing Federal claims which that court could not have adjudicated itself. *Nottingham*

*Partners v. Trans–Lux Corp.*, 925 F.2d 29, 34 (1st Cir.1991); *Abramson v. Pennwood Investment Corp.*, 392 F.2d 759, 762 (2nd Cir.1968); *TBK Partners v. Western Union Corp.*, 675 F.2d 456, 460 (2nd Cir.1982); *Chemical Bank v. City of Seattle*, 955 F.2d 1268, 1288 (9th Cir.1988).