VAN NORTWICK, Judge.
In this appeal of a worker’s compensation order, Brevard County Board of County Commissioners and Gallagher Bassett Services, Inc., the employer and servicing agent (the employer/servicing agent), argue that the judge of compensation claims (JCC) erred in setting aside a settlement agreement between the employer/servicing agent and claimant-appellee, Robert Williams; in awarding psychiatric treatment for claimant; in permitting a surgical evaluation as to claimant’s back and, if found appropriate, surgery and ongoing care; and in awarding attorney’s fees and costs. We agree that the JCC erred in setting aside the entire settlement, and we reverse and remand for the provision of psychiatric care only.
*1101 It is not disputed that the claimant suffered a compensable industrial accident on February 23, 1990 when he stepped into a van which began accelerating forward as he was standing in it. Claimant was thrown against the back of the van and then out the door onto the ground. He suffered significant injury to his back, and sought indemnity and medical benefits. The claim was mediated and, with claimant represented by counsel, the parties executed a settlement agreement. Under this agreement, claimant received, after attorney fees were paid, $100,000 in full satisfaction of the obligation or liability of the employer/servicing agent to pay any and all past, present and future monetary compensation benefits. The agreement further provided that claimant agreed
to relinquish the right to assert any claim against employer/servicing agent for any psychological and/or psychiatric problems which may have developed subsequent to the subject industrial accident, with prejudice, and further agrees to waive, with prejudice, the right to hold the employer/servicing agent hable for any psychological and/or psychiatric treatment in connection with emotional problems occurring subsequent to the subject accident.
The settlement agreement did not waive future remedial benefits relating to the claimant’s back. The settlement agreement was executed by the parties on December 3,1993, and was approved by a JCC on December 20, 1993.
On January 9, 1995, claimant, through counsel, filed a petition for benefits, seeking authorization for an evaluation and treatment by an orthopedist (Dr. MacMillan), authorization for an MRI, the setting aside of the settlement agreement, attorney’s fees, penalties, and interest. On December 15, 1995, claimant filed another petition for benefits seeking authorization, and if necessary, treatment by Dr. Podnos, a psychiatrist. In this petition, he did not specifically seek to set aside the settlement agreement. On January 2, 1996, claimant moved for an independent medical evaluation (IME) by a psychiatrist. In this motion, claimant noted that he had petitioned for authorization for an evaluation and, if necessary, -treatment' by this same psychiatrist, but that no authorization had been made. On January 16, 1996, the JCC summarily denied the IME request and dismissed with prejudice the petition filed on December 15, 1995. The January 9, 1995 petition remained pending.
An amended petition was filed which added a request for psychiatric treatment and authorization of Dr. Broom for pseudoarthrosis repair and reconstruction, among other things. By a second amended petition, claimant sought to set aside some or all of the settlement agreement and sought other benefits, including psychiatric treatment and treatment of claimant’s back.
Following the hearing, the JCC entered an order, later amended, which noted that the claimant had a substantial burden to satisfy before the settlement could be set aside. The JCC nevertheless found that the order approving the settlement was void, although the employer/servieing agent was entitled to a credit against the benefits which would have been payable since December 20, 1993 and continuing until the .credit is exhausted. The JCC ruled that the settlement was contrary to section 440.20(12), Florida Statutes (1993), insofar as it settled future care with respect to the psychiatric condition which was in existence at the time of execution of the settlement and that it was apparent that the psychiatric condition would warrant future treatment. The JCC found that a causal connection was established between the psychiatric condition and the industrial accident.
In addition, in the order, the JCC found that as of December 1993 claimant was still receiving medical treatment and that at the time of settlement claimant was not at maximum medical improvement (MMI) with respect to his cervical and thoracic back condition.
On appeal the employer/servicing agent argue that the JCC erred in not applying the severability clause contained in the settlement agreement and thus erroneously set aside the entire settlement agreement. We agree. Under the law in effect at the time of the settlement, a settlement of future medical expenses was prohibited. *1102 § 440.20(12), Fla. Stat. (1989); Musgrove v. Children’s Home Society, 573 So.2d 100 (Fla. 1st DCA 1991). Future medical benefits for non-psychiatric problems are permitted in the instant agreement, see Maggard v. Montverde Academy, 505 So.2d 604 (Fla. 1st DCA 1987), however, in the agreement the claimant waived his right to claim benefits for future psychiatric and psychological problems. This waiver of future psychiatric and psychological benefits is clearly invalid. But any impropriety as to the settlement’s bar of future psychiatric benefits does not necessarily render the entire agreement voidable. The settlement agreement here contains a severability clause which provides, in pertinent part, that the parties
agree that if any one section of this petition shall be found to be void or otherwise ineffective, same shall not serve to nullify the entire petition and that such section(s) shall be severable from the petition. (Emphasis added).
In setting aside the entire settlement agreement, we find that the JCC has made an overly narrow reading of the severability provision in this agreement. The JCC reasoned that, because the severability provision refers to the severability of “any one section,” it allows for severability only of an entire numbered provision. In the instant case, the waiver of future psychiatric benefits is contained in a provision of the settlement agreement numbered (4). In addition to the waiver of future psychiatric benefits, the paragraphs under provision 4 also address claimant’s MMI, claimant’s permanent impairment ratings, and his work restrictions. Thus, the JCC concluded that, because the invalid waiver is only a part of an otherwise valid provision (4),- severability is not authorized.
However, it is possible here to strike the invalid waiver provision in the settlement agreement while still giving effect to the remainder of the document, including the remainder of provision (4). We note that the term “section” is not defined in the settlement agreement. The American Heritage Dictionary of the English Language defines section as, among other things, “1. One of several component parts of something; piece; portion.” We see no basis for reading “section” in the severability clause to mean only a complete numbered subdivision. See F.M. v. Palm Beach County, 912 F.Supp. 514, 515 (S.D.Fla.1995), aff'd, 84 F.3d 438 (11th Cir.1996) (a contract, such as a worker’s compensation settlement, should be given a construction which will uphold it rather than render it nugatory).
The employer/servicing agent has also argued that the February 16, 1996 order, which dismissed the December 15, 1995 petition, was res judicata as to the psychiatric claim. While the JCC did not explicitly rule on the res judicata defense, we find that the February 16, 1996 order did not bar the claim for psychiatric benefits because the January 9, 1995 petition, by which claimant sought to set aside the settlement, was not dismissed by the February 16, 1996 order and thus remained pending. Thus, we do not disturb the award of psychiatric benefits.
As for the JCC’s finding that claimant was not actually at MMI with respect to his cervical and thoracic back injuries, such a finding cannot stand because in making this finding the JCC relied only on the testimony of the claimant, his wife and claimant’s former attorney, none of whom are experts qualified to give an opinion on a soft tissue injury. See Peters v. Armellini Express Lines, 527 So.2d 266, 269 (Fla. 1st DCA 1988). Accordingly, the finding as to MMI is reversed.
Finally, we affirm the remaining issues raised on appeal including the award of attorney’s fees and costs.
We accordingly AFFIRM in part, REVERSE in part and REMAND for further proceedings consistent with this opinion.
ERVIN and BENTON, JJ., concur.