817 So.2d 1095 (2002)
HEALTHCOMP EVALUATION SERVICES CORPORATION and Thomas Hartnett, individually and in his official capacity, Appellants,
v.
Cynthia G. O'DONNELL, Appellee.
No. 2D01-3335.
District Court of Appeal of Florida, Second District.
June 14, 2002.
*1096 Alan M. Oravec, Sarasota, for Appellants.
Nicholas J. Taldone, Clearwater, for Appellee.
SALCINES, Judge.
Healthcomp Evaluation Services Corporation and Thomas Hartnett appeal a nonfinal order denying their motion to compel arbitration. We hold that the trial court erred when it refused to order the parties to participate in arbitration with regard to three of the eight counts set forth in Cynthia G. O'Donnell's amended complaint.
Ms. O'Donnell sold her business to Healthcomp in 1999 under an "Agreement for Sale of Assets" which contained a clause which stated:
18. Arbitration. Except for claims or disputes related to the confidentiality and nonsolicitation as set out in paragraphs 7 and 13 of this Agreement, it is the intention of the parties hereto not to resolve claims, disagreements or disputes concerning this Agreement through litigation in the courts. Rather, the parties acknowledge and consent to binding arbitration, as provided for below, concerning any such claims, disagreements, or disputes. If any controversy, claim, disagreement, or dispute should arise between the parties in the performance, interpretation, or application of this Agreement, and such controversy or dispute shall not be resolved or compromised, then after thirty (30) days' notice either party may serve upon the other party a written notice stating that the controversy, claim, disagreement or dispute is being referred to a sole arbitrator selected by the American Arbitration Association. The arbitration proceeding shall be conducted in Sarasota County, Florida and shall be governed by the Commercial Rules of the American Arbitration Association. The decision and award of the arbitrator shall be final and binding upon the parties, and all parties hereby acknowledge that there shall be no appeal or review whatsoever of such arbitration award and such arbitration award may be entered as a final judgment in any court of competent jurisdiction.

(emphasis added). Ms. O'Donnell also entered into a two-year contract with Healthcomp to be employed by them as director of medical services for the company.
Thereafter, Ms. O'Donnell filed a lawsuit in the Pinellas County Circuit Court asserting claims in contract and in tort against Healthcomp and its representative, Mr. Hartnett. In response, a motion to compel arbitration and to dismiss for improper venue was filed. After a hearing on the motion, the Pinellas trial court transferred the case to Sarasota County without ruling on the portion of the motion seeking to compel arbitration.
*1097 The Sarasota County Circuit Court conducted a hearing to consider whether arbitration should be compelled. At the hearing, counsel for Ms. O'Donnell stipulated that the amended complaint did encompass arbitrable claims. In fact, it was agreed that counts two (fraudulent misrepresentation), three (fraud by nondisclosure), and seven (securities fraud) of the complaint would be subject to arbitration if a valid agreement had been made.
In reviewing the arbitration clause, the only argument made by counsel for Ms. O'Donnell was that the arbitration clause was invalid because the last sentence of the clause endeavored to preclude the parties from pursuing an appeal of any arbitration decision. Counsel also urged the court to deny the motion to compel arbitration because the amended complaint was predominated by nonarbitrable claims.
The trial court indicated that the attempt to prevent the parties from appealing any arbitration decision was not enforceable and the court found the provision to be "offensive." In fact, this sentence within the arbitration clause is in contravention to the Florida Arbitration Code which provides a limited right of appeal. See § 682.20, Fla. Stat. (1999). The trial court was correct when it held that the last sentence of the arbitration clause was unenforceable. See Damora v. Stresscon Int'l, Inc., 324 So.2d 80 (Fla.1975).
Counsel for Healthcomp and Mr. Hartnett directed the trial court's attention to the severability clause contained within the agreement for sale of assets which stated:
[23](d) Severability. All agreements and covenants contained herein are severable, and in the event any of them shall be held to be invalid by any competent court, this Agreement shall be interpreted as if such invalid agreements or covenants were not contained herein, and the remaining provisions of this Agreement shall not be affected by such determination and shall remain in full force and effect. This Agreement shall not fail because any part or any clause hereof shall be held indefinite or invalid.
It was argued that the offending sentence in the arbitration clause could be severed from the remainder of the clause and the agreement to arbitrate should be enforced.
The trial court did not find Healthcomp and Hartnett's argument concerning severability to be persuasive. Additionally, the trial court acknowledged that judicial economy technically was not an issue to be considered when determining a motion to compel. However, it found that judicial economy clearly would not be served by compelling arbitration in the present case and denied the motion to compel arbitration. Judicial economy was a primary deciding factor for the trial court.
In reviewing a motion to compel arbitration, a trial court must consider three elements: (1) whether a valid, written agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to arbitrate has been waived. Seifert v. U.S. Home Corp., 750 So.2d 633 (Fla.1999). The trial court improperly considered judicial economy when making its decision. Agreements to arbitrate are a favored means of dispute resolution. Fla. Select Ins. Co. v. Keelean, 727 So.2d 1131, 1132 (Fla. 2d DCA 1999). When there is an enforceable arbitration agreement, the courts should require the terms to be followed. Micronair, Inc. v. City of Winter Haven, 800 So.2d 622, 625 (Fla. 2d DCA 2001).
The severability clause was a valid part of the agreement to purchase assets. There was no interdependence between the arbitration clause and the remaining clauses of the agreement which would have required the trial court to rewrite or "blue pencil" the agreement. See, e.g., Pitchford v. Oakwood Mobile Homes, Inc., 124 *1098 F.Supp.2d 958, 965 (W.D.Va.2000). The arbitration clause itself was divisible and the offending sentence contained therein could have been severed without affecting the intent of the parties. See Brevard County Bd. of County Comm'rs v. Williams, 715 So.2d 1100, 1101-02 (Fla. 1st DCA 1998).
The trial court erred when it failed to sever the unenforceable sentence from the arbitration clause and when it denied the motion to compel arbitration as to those counts which were stipulated to be arbitrable. Accordingly, we reverse the order denying the motion as to counts two, three, and seven, and affirm as to the remaining counts.
Affirmed in part, reversed in part, and remanded for further proceedings.
NORTHCUTT and KELLY, JJ., Concur.