862 So.2d 87 (2003)
Christopher HOLT and Matthew and Danielle Brollini, individually and on behalf of all others similarly situated, Appellants,
v.
O'BRIEN IMPORTS OF FORT MYERS, INC., d/b/a Fort Myers Mitsubishi, Fort Myers Daewoo, Fort Myers Subaru, Fort Myers Hyundai, Naples Hyundai, Naples Mitsubishi and Best Used Cars, Appellees.
Nos. 2D02-3994, 2D02-4038.
District Court of Appeal of Florida, Second District.
November 14, 2003.
Rehearing Denied December 11, 2003.
*88 William C. Bielecky of William C. Bielecky, P.A., Tallahassee, William L. Sundberg, of Sundberg & Hessman, P.A., Tallahassee, and Jerome A. Sico of Goldberg, Racila, Sico & Noone, P.A., Fort Myers, co-counsel, for Appellants.
Mark R. Kapusta of the Law Office of Bohdan Neswiacheny, Sarasota, for Appellees.
FULMER, Judge.
In these consolidated cases, Christopher Holt, Matthew Brollini, and Danielle Brollini, individually and on behalf of all others similarly situated, appeal orders that compel them to arbitrate their claims against O'Brien Imports of Fort Myers, Inc. We reverse because the arbitration agreement contains an attorney's fee provision that is contrary to statute and does not allow the arbitrator to award injunctive relief that is authorized by statute.
Holt and the Brollinis (referred to here as the Buyers) purchased cars from O'Brien Imports. In the course of these transactions, the Buyers signed agreements to arbitrate
all disputes not barred by applicable statues [sic] of limitations, resulting from or arising out of the transaction entered into, (including but not limited to: the terms of this agreement and all clauses herein contained, their breadth and scope, and any term of any agreement contemporaneously entered into by the parties concerning any goods or services acquired by the undersigned; the condition of the motor vehicle; the conformity of the motor vehicle to any contract description; the representations, promises, undertakings, warranties or covenants made by Dealer in connection with the undersigned's acquisition of the motor vehicle, or otherwise dealing with the motor vehicle; any lease terms or the terms of credit and/or financing in connection therewith; any terms or provisions of any extended service contract purchased simultaneously herewith).... *89 Notwithstanding the arbitration agreements, the Buyers filed multi-count complaints against O'Brien Imports seeking damages, injunctive relief, costs, and attorney's fees. Holt filed an individual action, and he was also a named plaintiff in the class action brought with the Brollinis.
The first three counts in both complaints alleged violations of the Motor Vehicle Retail Sales Finance Act (MVRSFA) in chapter 520, Florida Statutes (2000). Count one alleged that O'Brien Imports violated section 520.07(1) by failing to provide a copy of the retail installment sales contract with the essential provisions and financing disclosures before the Buyers signed for and accepted credit. Count two alleged that O'Brien Imports violated section 520.07(3)(d) by failing to itemize the amount it charged for certain insurance. Count three alleged that O'Brien Imports violated section 520.13 by requiring execution of an "ON THE SPOT DELIVERY AGREEMENT." Count four in both complaints alleged violations of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), chapter 501, part II, Florida Statutes (2000). And count five in both complaints alleged violations of the Truth in Lending Act (TILA), 15 U.S.C. §§ 1632, 1638. Holt's individual complaint included two additional counts alleging fraud and deceptive trade practices based on facts specific to his transaction.
O'Brien Imports filed a motion to dismiss and compel arbitration under section 682.02, Florida Statutes (2000). The trial court granted the motion, and the Buyers now appeal. The Buyers argue that the arbitration agreements are unenforceable because they do not authorize the arbitrator to grant injunctive relief, one of the remedies allowed by the statutes under which the Buyers sue, and because they authorize an award of attorney's fees that is contrary to the statutory provisions for attorney's fees.
"[T]here are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999). This case involves the first prongwhether a valid arbitration agreement exists. We agree with the Buyers' contention that the arbitration agreement is unenforceable.
The Buyers seek injunctive relief but the arbitration agreement authorizes only an award of damages, fees, and costs. "Section 501.211(1), Florida Statutes[,] is broadly worded to authorize declaratory and injunctive relief even if those remedies might not benefit the individual consumers who filed the suit." Davis v. Powertel, Inc., 776 So.2d 971, 975 (Fla. 1st DCA 2000). The FDUTPA "is designed to protect not only the rights of litigants, but also the rights of the consuming public at large." Id. Any attempt to limit FDUTPA liability is contrary to public policy. Rollins, Inc. v. Heller, 454 So.2d 580 (Fla. 3d DCA 1984). "[A]n individual cannot waive the protection of a statute that is designed to protect both the public and the individual." Coastal Caisson Drill Co. v. Am. Cas. Co., 523 So.2d 791, 793 (Fla. 2d DCA 1988), approved, 542 So.2d 957 (Fla.1989). Therefore, the unavailability of injunctive relief renders the arbitration clause unenforceable. Cf. Stewart Agency, Inc. v. Robinson, 855 So.2d 726 (Fla. 4th DCA 2003) (rejecting challenge to arbitration of FDUTPA claim based on holding that arbitrator could award injunctive relief under terms of arbitration agreement).
*90 The arbitration agreement is also unenforceable because it has a provision for attorney's fees that is contrary to the statutes under which the Buyers sue. In addition to a general grant of authority for the arbitrator to award fees and costs, which is not at issue here, the arbitration agreement provides as follows:
Any party to this agreement who fails or refuses to arbitrate in accordance with the terms of this predispute binding arbitration agreement shall, in addition to any other relief awarded through arbitration, be taxed by the arbitrator or arbitrators with all of the costs, including reasonable attorney[']s fees, of any other party who had to resort to judicial or other relief in compelling arbitration in accordance with the terms herein contained.
Section 501.2105 provides for prevailing party attorney's fees for FDUTPA violations, sections 520.12 and 520.13 provide a nonwaivable right to attorney's fees for willful MVRSFA violations, and 15 U.S.C. § 1640(a)(3) provides for attorney's fees for TILA violations. But under the attorney's fee provision in the arbitration agreement, even if the Buyers prevail on their claims they could be taxed with O'Brien Imports' attorney's fees because O'Brien Imports obtained a court order compelling arbitration. The arbitration agreement's fee provision also penalizes the Buyers for exercising their rights under the Florida Arbitration Code, section 682.03, to have the court decide certain gateway issues and under section 672.302, Florida Statutes (2000), to have the court determine whether the agreement is unconscionable. See Healthcomp Evaluation Servs. Corp. v. O'Donnell, 817 So.2d 1095 (Fla. 2d DCA 2002) (holding unenforceable a provision of arbitration agreement that attempted to prevent parties from appealing arbitration award because Florida Arbitration Code provides right to appeal).
Accordingly, we reverse the order compelling arbitration and remand for further proceedings in the trial court.
Reversed and remanded.
ALTENBERND, C.J., and COVINGTON, J., Concur.