896 So.2d 938 (2005)
PRESIDENTIAL LEASING, INC., etc., Appellant,
v.
Steven KROUT, et al., Appellees.
No. 5D04-2976.
District Court of Appeal of Florida, Fifth District.
March 4, 2005.
*939 Mark J. Dearman and Robert J. Harkins of Dearman & Gerson, Plantation, for Appellant.
J. Gordon Blau and Patrick H. Willis of J. Gordon Blau, P.A., Altamonte Springs, for Appellees.
*940 PLEUS, J.
Presidential Leasing, Inc., etc., defendant below, takes this interlocutory appeal from an order denying its motion to dismiss and/or compel arbitration.
Steven Krout sued the defendant following his purchase of a used BMW SUV. The complaint includes causes of action for revocation of acceptance, rescission, fraud and misrepresentation, as well as deceptive and unfair trade practices. The defendant moved to dismiss and/or compel arbitration and stay proceedings based on paragraph 14 of the purchase order, pursuant to which the sale was consummated, which provides:
All disputes, claims or controversies arising from or relating to this Agreement ... or the validity of the arbitration clause or the entire agreement, shall be resolved by binding arbitration, pursuant to § 682.01-682.21, Florida Statutes.... Purchaser and Dealer understand that they are agreeing to resolve all disputes between them by Binding Arbitration, rather than by litigation in any Court and both parties to this agreement hereby waive any and all right to any trial by jury in any action or proceeding arising directly or indirectly hereunder.

(Emphasis in original). Paragraph 11 of the purchase order further provides:
In the event of a ... suit ... by Purchaser ... relating to or arising out of this agreement, Dealer shall be entitled to employ attorneys of its own selection to appear and defend Dealer, all at the cost and expense of Purchaser, throughout any and all stages, including appeals of any suit ... and purchaser shall also pay for all Court costs or other expenses.
The plaintiff alleges that the arbitration provision is unconscionable and thus unenforceable. The trial court denied the defendant's motion on the authority of Holt v. O'Brien Imports of Fort Myers, Inc., 862 So.2d 87 (Fla. 2d DCA 2003), finding that the purchase order, particularly paragraph 11, contravened the prevailing party attorney's fee provisions of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA). We review this ruling de novo and conclude the trial court was correct in denying the defendant's motion.
There are three elements which a court considers in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived. Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999). The issue in this appeal concerns the first element, whether a valid arbitration agreement exists.
FDUTPA contains two sections concerning attorney's fees. Section 501.211, entitled "Other individual remedies," provides in pertinent part:
(1) Without regard to any other remedy or relief to which a person is entitled, anyone aggrieved by a violation of this part may bring an action to obtain a declaratory judgment that an act or practice violates this part and to enjoin a person who has violated, is violating, or is otherwise likely to violate this part.
(2) In any action brought by a person who has suffered a loss as a result of a violation of this part, such person may recover actual damages, plus attorney's fees and court costs as provided in s. 501.2105. However, damages, fees, or costs are not recoverable under this section against a retailer who has, in good faith, engaged in the dissemination of claims of a manufacturer or wholesaler without actual knowledge that it violated this part.
*941 Section 501.2105 entitled "Attorney's Fees," provides in pertinent part:
(1) In any civil litigation resulting from an act or practice involving a violation of this part, except as provided in subsection (5), the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party.
(2) The attorney for the prevailing party shall submit a sworn affidavit of his or her time spent on the case and his or her costs incurred for all the motions, hearings, and appeal to the trial judge who presided over the civil case.
(3) The trial judge may award the prevailing party the sum of reasonable costs incurred in the action plus a reasonable legal fee for the hours actually spent on the case as sworn to in an affidavit.
(4) Any award of attorney's fees or costs shall become a part of the judgment and subject to execution as the law allows.
Holt v. O'Brien Imports of Fort Myers, Inc., 862 So.2d 87 (Fla. 2d DCA 2003), relied upon by the trial court, involved an action by buyers of vehicles against the seller, O'Brien Imports. In the course of the transaction, the buyers signed agreements which included arbitration provisions. The buyers' lawsuits alleged violations of the Motor Vehicle Retail Sales Finance Act (Chapter 520, Florida Statutes), the FDUTPA and the federal Truth in Lending Act (TILA), 15 U.S.C. §§ 1632, 1638. The buyers sought damages, injunctive relief and attorney's fees. The buyers argued that the arbitration provisions in their agreements were unenforceable because the arbitration provisions authorize recovery of attorney's fees contrary to the statutory provisions for attorney's fees.
The Second District Court of Appeal agreed and reversed an order compelling arbitration. Noting that the FDUTPA is designed to protect the rights of litigants as well as the rights of the public at large, the court stated that "any attempt to limit FDUTPA liability is contrary to public policy." 862 So.2d at 89.
The appellate court continued that the arbitration provision is unenforceable because it has a provision for attorney's fees that is contrary to the statutes under which the buyers sue. Id. The court noted that the arbitration provision provided:
Any party to this agreement who fails or refuses to arbitrate in accordance with the terms of this predispute binding arbitration agreement shall, in addition to any other relief awarded through arbitration, be taxed by the arbitrator or arbitrators with all of the costs, including reasonable attorney [']s fees, of any other party who had to resort to judicial or other relief in compelling arbitration in accordance with the terms here contained.
The court then explained that section 501.2105 provides for prevailing party attorney's fees for FDUTPA violations. By contrast,
[T]he attorney's fee provision in the arbitration agreement... also penalizes the Buyers for exercising their rights under the Florida Arbitration Code, section 682.03, ... to have the court decide certain gateway issues and under section 672.302, Florida Statutes (2000), to have the court determine whether the agreement is unconscionable. See Healthcomp Evaluation Servs. Corp. v. O'Donnell, 817 So.2d 1095 (Fla. 2d DCA 2002) (holding unenforceable a provision of arbitration agreement that attempted to prevent parties from appealing arbitration award because Florida Arbitration Code provides right to appeal).
Id. at 90.
As did the trial court, we conclude paragraph 11 of the purchase order effectively *942 neutralizes a purchaser's recovery. Paragraph 11 operates in concert with paragraph 14 which provides that all disputes will be arbitrated. Accordingly, even if the plaintiff were successful in proving his case, his remedy of actual damages would almost certainly be negated by having to pay the defendants' legal fees.
The defendant argues that paragraph 11 does not preclude a prevailing party's recovery of attorney's fees under the FDUTPA. However, it frustrates the purpose behind sections 501.211 and 501.2105 by obligating the purchaser to pay the dealer's attorney's fees in the event of a suit by the purchaser without conditioning such obligation on the dealer being the prevailing party.
In LaFerney v. Scott Smith Oldsmobile, Inc., 410 So.2d 534 (Fla. 5th DCA 1982), this court, when confronted with an unreasonably low award of attorney's fees to a prevailing consumer in a FDUTPA action, explained the purpose behind the statutory authorization for recovery of attorney's fees:
The Florida Deceptive Trade Practices Act depends for enforcement on its "enforcing authority" and the injured consumers. If, because of the small sums involved, consumers cannot recover in full their attorney's fees, they will quickly determine it is too costly and too great a hassle to file suit, and individual enforcement of this act will fail. The First District Court of Appeal said in Marshall v. W. & L. Enterprises Corp., 360 So.2d 1147, 1148 (Fla. 1st DCA 1978): "The obvious purpose of the `little FTC Act' is to make consumers whole for losses caused by fraudulent consumer practices.... These aims are not served if attorney fees are not included in the protection."
410 So.2d at 536 (footnotes omitted).
The prevailing party attorney fee provision of the FDUTPA was intended to facilitate private claims against businesses engaging in deceptive trade practices. Allowing the plaintiff who prevails in arbitration to recover his statutory attorney's fees but then contractually obligating him to pay the losing dealer's attorney's fees defeats the purpose of the attorney's fees provisions and has the clear effect of discouraging individual FDUTPA enforcement actions. This evisceration of the consumer legislation by the purchase order which mandates arbitration of all disputes is clearly against public policy.
The defendant falls back on the argument that the trial court should have severed out paragraph 11 from the purchase order. However, it does not appear from the record that this issue was raised below and thus it cannot be considered in this appeal. See Dept. of Revenue v. Yambert, 883 So.2d 881 (Fla. 5th DCA 2004); Kozich v. Hartford Ins. Co. of Midwest, 609 So.2d 147 (Fla. 4th DCA 1992). We additionally note that the purchase order does not contain a severability clause.
The presence of an unlawful provision in an arbitration agreement may serve to taint the entire arbitration agreement, rendering the agreement completely unenforceable. See Paladino v. Avnet Computer Technologies, Inc., 134 F.3d 1054, 1058 (11th Cir.1998); Holt v. O'Brien Imports.
The trial court did not err in declining to enforce the arbitration scheme contained in the purchase order.
AFFIRMED.
SHARP, W. and GRIFFIN, JJ., concur.