974 So.2d 1193 (2008)
JONATHAN M. FRANTZ, M.D., P.A., d/b/a Florida Eye Health, Appellant,
v.
Edward Clark SHEDDEN, Appellee.
No. 2D07-3700.
District Court of Appeal of Florida, Second District.
February 22, 2008.
*1195 Ronald E. Bush, Anthony M. Iannacio, and Courtney L. Rice of Bush Graziano & Rice, P.A., for Appellant Jonathan M. Frantz, M.D., P.A., d/b/a Florida Eye Clinic.
Celene Humphries of Swope, Rodante P.A., Tampa, for Appellee.
STRINGER, Judge.
Jonathan M. Frantz, M.D., P.A. d/b/a Florida Eye Health ("Florida Eye Health"), appeals from the trial court's order denying its motion to stay litigation and compel arbitration in this medical malpractice action. At issue is the enforceability of an arbitration agreement ("the Agreement") signed by Edward Shedden. Because the Agreement is neither procedurally nor substantively unconscionable and because public policy does not bar its enforcement, we reverse and remand for arbitration.
In late 2003, Shedden sought to have certain elective surgery performed by doctors associated with Florida Eye Health. During a preoperative visit, Shedden was presented with various documents that he needed to complete and sign before the surgery. One of these documents was the Agreement at issue in this case. This document was a separate form that stated at the top in large bold capital letters, "PLEASE READ CAREFULLY PATIENT-DOCTOR ARBITRATION AGREEMENT." The Agreement was specifically brought to Shedden's attention, and he was given the opportunity to read it. He was told that if he had any questions about the Agreement, he could ask the staff to assist him. He was also told that, if he would prefer, he could take the Agreement with him and review it with anyone else, including an attorney, before signing it. Shedden testified at his deposition that he did not read the Agreement and did not seek to ask any questions about it before he signed it.
Almost a year later, Shedden sought additional elective surgery from Florida Eye Health. At his preoperative appointment, he received a second "Patient-Doctor Arbitration Agreement" as part of the required paperwork.[1] He was again given the opportunity to read the Agreement and to take it with him if he wanted to review it further before signing it. Shedden testified at his deposition that he again did not read this Agreement and did not seek to ask any questions about it before he signed it.
*1196 In early 2006, Shedden filed a malpractice action against Florida Eye Health based on treatment he received after the 2004 elective surgery. Florida Eye Health immediately moved to stay the litigation and compel arbitration based on the Agreement signed by Shedden in 2004. At a hearing on the motion to compel arbitration, Shedden argued that the Agreement was procedurally unconscionable because it was never explained to him and because he believed that it applied solely to the surgical procedures. He also argued that the Agreement was substantively unconscionable because it contravened certain provisions of chapter 766, Florida Statutes. In response, Florida Eye Health argued that the Agreement was not procedurally unconscionable because it was an independent, conspicuous document and Shedden was given the opportunity to review it, ask questions about it, and take it home for review before he signed it. Florida Eye Health also argued that the Agreement was not substantively unconscionable and that there was no requirement that an arbitration agreement conform to the requirements of chapter 766.
After considering the parties' arguments, the trial court found the Agreement to be both procedurally and substantively unconscionable, and it denied Florida Eye Health's motion to compel arbitration. Florida Eye Health then sought review. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(3)(C)(iv).
In assessing the enforceability of an arbitration agreement, this court considers (1) whether there is a valid written agreement to arbitrate; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration has been waived. Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999); Bland v. Health Care & Retirement Corp. of Am., 927 So.2d 252, 255 (Fla. 2d DCA 2006). Here, the only question before the trial court was whether the Agreement was valid.
In the trial court, Shedden argued that the Agreement was invalid because it was unconscionable. To succeed on his unconscionability claim, Shedden had to establish both procedural and substantive unconscionability. Bland, 927 So.2d at 256; Orkin Exterminating Co. v. Petsch, 872 So.2d 259, 264-65 (Fla. 2d DCA 2004); Powertel, Inc. v. Bexley, 743 So.2d 570, 574 (Fla. 1st DCA 1999). This court explained these two different types of unconscionability in Bland:
Procedural unconscionability relates to the manner in which a contract is made and involves consideration of issues such as the bargaining power of the parties and their ability to know and understand the disputed contract terms. Petsch, 872 So.2d at 265; [Gainesville Health Care Ctr., Inc. v.] Weston, 857 So.2d [278] at 285 [(Fla. 1st DCA 2003)]. Substantive unconscionability, on the other hand, requires an assessment of whether the contract terms are "so `outrageously unfair' as to `shock the judicial conscience.'" Weston, 857 So.2d at 285. A substantively unconscionable contract is one that "no man in his senses and not under delusion would make on one hand, and as no honest and fair man would accept on the other." [Belcher v.] Kier, 558 So.2d [1039] at 1044 [(Fla. 2d DCA 1990)] (quoting Hume v. United States, 132 U.S. 406, 10 S.Ct. 134, 33 L.Ed. 393 (1889)).
Bland, 927 So.2d at 256.
To establish that an arbitration agreement is procedurally unconscionable, the plaintiff must show that he or she had no meaningful opportunity or ability to know and understand the terms of the agreement before signing it. Id.; see also Orkin, 872 So.2d at 265; Weston, 857 *1197 So.2d at 284; Powertel, 743 So.2d at 574. The trial court must consider the totality of the circumstances when determining whether there was procedural unconscionability. Thus, when an arbitration provision is "hidden in a maze of fine print and minimized by deceptive sales practices," the provision may well be procedurally unconscionable. See Powertel, 743 So.2d at 574 (citing Williams v. Walker-Thomas Furniture Co., 350 F.2d 445, 449 (D.C.Cir. 1965)). However, when the arbitration agreement is a separate document that is clearly and conspicuously identified as an arbitration agreement and when the plaintiff has sufficient time to review the document and an opportunity to consult with others concerning the legal ramifications of the document, it is unlikely that the plaintiff can establish procedural unconscionability. See Bland, 927 So.2d at 256 (holding that when the agreement was a separate document clearly titled "arbitration agreement" and when the plaintiff had ample opportunity to review the document, read the document, ask questions about the document, and consult with others, the plaintiff could not establish procedural unconscionability); Orkin, 872 So.2d at 265 (holding that when the arbitration agreement was in large print on the first page of the contract and when the plaintiff had the opportunity to read it and decide whether to seek services elsewhere, the provision was not procedurally unconscionable); Weston, 857 So.2d at 287-88 (holding that when the plaintiff had ample opportunity to read the document and get advice on its contents, the fact that the plaintiff chose not to do so would not establish procedural unconscionability).
In this case, the Agreement was a separate document that was clearly and conspicuously labeled as an arbitration agreement. Employees of Florida Eye Health testified that they brought the Agreement to Shedden's attention and that he had the opportunity to read the Agreement and ask questions about it. Shedden did not dispute this testimony. The employees also testified that they told Shedden that he could take the Agreement with him to review with either family or an attorney before signing it if he wanted to. While Shedden testified that no one with any legal training was available to answer any questions about the Agreement, he also clearly testified, that he did not read the Agreement before signing it and did not seek to ask anyone any questions about it. On these facts, Shedden has failed to establish that he did not have a meaningful opportunity to review the Agreement and accept or reject its terms before he signed it. See Lopez v. Ernie Havre Ford, Inc., 974 So.2d 517 (Fla. 2d DCA 2008) (holding that plaintiff could not establish procedural unconscionability to defeat the terms of validly signed arbitration agreement when he had the opportunity to read the agreement and simply chose not to). Therefore, Shedden failed to establish that the Agreement is procedurally unconscionable, and the trial court should have enforced the Agreement.
While the determination that the Agreement is not procedurally unconscionable is dispositive of the issue of its enforceability, the record also shows that the Agreement is not substantively unconscionable. Nothing in the record before this court supports a finding that the Agreement is unreasonable or unfair. In fact, both the procedural and substantive provisions of the Agreement essentially track the provisions of section 766.207, Florida Statutes (2004), which governs voluntary binding arbitration of medical malpractice claims. Given the strong similarities between the provisions of the Agreement and the provisions of section 766.207, the Agreement cannot be considered *1198 so outrageous as to shock the judicial conscience. Therefore, Shedden also failed to prove the substantive prong of the test for unconscionability, and the trial court should have enforced the Agreement on this basis as well.
In this appeal, Shedden apparently recognizes that the Agreement is neither procedurally nor substantively unconscionable, and he abandons his unconscionability argument in favor of a "tipsy coachman" argument that the Agreement is void as against public policy. We disagree.
Shedden is correct that even if an arbitration agreement is not unconscionable, when a provision of the agreement conflicts with public policy or negates a statutory right provided to a party to the agreement, that provision of the agreement will not be enforced if it can be severed. See, e.g., Damora v. Stresscon Int'l, Inc., 324 So.2d 80 (Fla.1975); Healthcomp Evaluation Servs. Corp. v. O'Donnell, 817 So.2d 1095, 1097 (Fla. 2d DCA 2002); Alterra Healthcare Corp. v. Bryant, 937 So.2d 263, 266 (Fla. 4th DCA 2006). Here, however, Shedden has not identified any public policy or statutory right that is violated by the Agreement.
In his brief, Shedden argues that the Agreement negates his statutory right to appeal as provided by the Florida Arbitration Code; however, the plain language of the Agreement does not support this argument. While the Agreement does provide that the arbitrator's decision will be final and binding, the Agreement does not purport to limit or eliminate Shedden's right to seek vacation of an award pursuant to section 682.13, Florida Statutes (2004), or to appeal an award pursuant to section 682.20. Because the Agreement states that proceedings will be "pursuant to the Florida Arbitration Code" and because it does not specifically bar any right to appeal, the appeal provisions of section 682.20 would apply to give Shedden the right to appeal. Thus, the Agreement should not be invalidated on the basis of this alleged conflict. See Orkin, 872 So.2d at 265 (holding that because arbitration agreement did not specifically deny the plaintiff his right to raise statutory claims in arbitration, the arbitration agreement would not be read to eliminate those claims so as to render the agreement unenforceable); cf. Healthcomp, 817 So.2d at 1097 (invalidating provision of arbitration agreement that specifically barred parties from taking an appeal as void because it conflicted with the Florida Arbitration Code); VoiceStrearn Wireless Corp. v. U.S. Commc'ns, 912 So.2d 34, 39 (Fla. 4th DCA 2005) (same).
Further, even if the Agreement did purport to completely eliminate the right to appeal, that would not make the entire Agreement unenforceable. Instead, the severability provision of the Agreement would allow a court to simply eliminate those provisions that were invalid while enforcing the remainder of the Agreement. Healthcomp, 817 So.2d at 1098; VoiceStrearn, 912 So.2d at 39. Thus, the trial court's order finding the Agreement unenforceable cannot be affirmed on this basis.
Because the evidence before the trial court established that the Agreement was neither procedurally nor substantively unconscionable, the trial court should have granted the motion to stay litigation and compel arbitration. Accordingly, we reverse and remand for referral to arbitration.
Reversed and remanded for arbitration.
SILBERMAN, J., and GALLEN, THOMAS M., Associate Senior Judge, Concur.
NOTES
[1] This second Agreement contained substantive changes from the first Agreement, none of which are relevant to our opinion in this case.