855 So.2d 94 (2003)
Peter ALEXANDER, Petitioner,
v.
Robert MINTON, Respondent.
No. 2D02-5544.
District Court of Appeal of Florida, Second District.
June 13, 2003.
*95 Luke Lirot of Luke Charles Lirot, P.A., Tampa, for Petitioner.
Thomas H. McGowan of Thomas H. McGowan, P.A., St. Petersburg, and Anthony S. Battaglia of Battaglia, Ross, Dicus & Wein, P.A., St. Petersburg, for Respondent.
CASANUEVA, Judge.
Petitioner Peter Alexander seeks a writ of certiorari to compel arbitration with Respondent Robert Minton based on a contract, the operating agreement under which they formed a company to develop a feature-length motion picture. Because the trial court's nonfinal order denies a claim of entitlement to arbitration, we deem this a nonfinal appeal pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv), rather than a petition for certiorari. Finding merit in Mr. Alexander's arguments, we reverse.
In February 2000, Mr. Alexander and Mr. Minton formed a company called Courage Productions, LLC, to develop, produce, market, and distribute a motion picture tentatively titled "The Profit." Based on his experience in the motion picture industry, Mr. Alexander was generally to provide the "know-how" for the limited liability company (the LLC) and Mr. Minton was to provide the financing, although during the life of the company Mr. Alexander apparently invested substantial sums of money in the project, too. The motion picture was to be part of Mr. Minton's continuing efforts to discredit the Church of Scientology. To the surprise of many, in April 2002, Mr. Minton announced his intention to resolve all his differences with the Church. Soon thereafter, invoking his rights under the operating agreement, he petitioned for an injunction and other equitable relief against Mr. Alexander and sought to restrain him from alienating, assigning, or hiding the assets of the company, directly or indirectly, until an accounting could be conducted and the assets of the LLC equitably divided. Section 8.2 of the agreement provides that each party has the right, upon reasonable request, "for purposes reasonably related to the interest of that [party]," to inspect and copy any of the company's books and *96 records, and any party may require a review and or audit.[1]
Concluding that Mr. Minton's new-found friendly attitude toward the Church provided an ulterior motive for the litigation, Mr. Alexander feared the motion picture would never see the light of day, or of a film projector, thereby destroying his substantial personal investment of time, effort, and money in the project. As soon as practicable after being served with suit, Mr. Alexander moved to compel arbitration, but his motion was ultimately denied. Mr. Minton advances a variety of arguments to support the circuit court's denial of arbitration, none of which has merit.
When a court is presented with a motion to compel arbitration, three questions must be answered: Is there in existence a valid, written agreement containing an arbitration clause? Does an arbitrable issue exist? Has the right to arbitration been waived? Pulte Home Corp. v. Smith, 823 So.2d 305 (Fla. 2d DCA 2002). The LLC's operating agreement is the contract between these parties and has a broad and clearly stated arbitration clause, which affirmatively answers the first question. Section 11.5 provides: "Any controversy or dispute arising out of or relating to this Agreement or the breach thereof, shall be settled by binding arbitration in Hillsborough County, Florida, conducted in accordance with the rules existing at the date thereof of the AFMA [American Film Marketing Association]." Neither party disputes that the contract to form and operate the LLC was validly entered into and is currently in effect.
As to whether there is an arbitrable issue, the operating agreement gives each party to the agreement the right to inspect the books and records of the company, but Mr. Alexander has raised numerous defenses to Mr. Minton's unfettered access. Primarily, Mr. Alexander claims that Mr. Minton's actions are inimical to the LLC's best interests and to his duty and loyalty to the company required by section 608.4225, Florida Statutes (2002), because he has now aligned himself with the adversary. We conclude that an arbitrable issue exists in the unfettered access to the LLC's records and sole asset, the motion picture itself, and therefore is "related to" the operating agreement. See § 682.02, Fla. Stat. (2002) (providing that agreement or provision to arbitrate shall be valid, enforceable, and irrevocable without regard to the justiciable character of the controversy).
Mr. Minton counters that his statutory right to such access in an LLC, provided him by section 608.423, trumps the contract and, in effect, nullifies the existence of the arbitrable issue. We cannot agree. Section 608.423 merely states that no operating agreement of any LLC may "unreasonably restrict the right to information or access to records" of the LLC. The operating agreement at issue here does not unreasonably restrict such access. Moreover, Florida favors arbitration to settle disputes outside the courtroom. Healthcomp Evaluation Servs. Corp. v. O'Donnell, 817 So.2d 1095 (Fla. 2d DCA 2002). To accede to Mr. Minton's argument would abrogate this public policy in the context of LLCs, which are wholly creatures of statute.
*97 Finally, we hold that Mr. Alexander's actions do not constitute a waiver of arbitration. He moved to compel arbitration at his earliest opportunity, and his other involvement in the proceedings has been defensive in nature, all the while claiming entitlement to arbitration. See Miller & Solomon Gen. Contractors, Inc. v. Brennan's Glass Co., 824 So.2d 288 (Fla. 4th DCA 2002) (holding that because the first substantive filing made by the appellants was a motion to stay invoking the contractual arbitration clause, the trial court erred in finding that the appellants waived their right to arbitration).
Accordingly, we reverse the nonfinal order and remand with directions to grant Mr. Alexander's motion to compel arbitration and to stay all other pending matters in the circuit court until the arbitration process is complete.
VILLANTI, J., and THREADGILL, EDWARD F., Senior Judge, Concur.
NOTES
[1] Section 608.4101(2), Florida Statutes (2002), also provides this right:

A limited liability company shall provide members and their agents and attorneys access to its records at the limited liability company's principal office or other reasonable locations specified in the operating agreement.... The right of access provides the opportunity to inspect and copy records during ordinary business hours....