

**Filed**
Supreme Court of Guam, Clerk of Court

# IN THE SUPREME COURT OF GUAM

**PAUL A. PEREZ,**
Plaintiff-Appellant,

**v.**

**MONKEYPOD ENTERPRISES, LLC**
**and BRYAN C. DUENAS,**
Defendants-Appellees.

Supreme Court Case No. CVA21-008
Superior Court Case No. CV0413-21

## OPINION

## Cite as: 2022 Guam 12

Appeal from the Superior Court of Guam
Argued and submitted on August 10, 2022
Via Zoom video conference

Appearing for Plaintiff-Appellant:
Carlos L. Taitano, *Esq.*
Taitano & Taitano LLP
P.O. Box 326204
Hagåtña, GU 96932

Appearing for Defendants-Appellees:
Joshua D. Walsh, *Esq.*
Razzano Walsh & Torres, P.C.
139 Murray Blvd., Ste. 100
Hagåtña, GU 96910

**E-Received**
12/22/2022 9:51:33 AM


BEFORE: F. PHILIP CARBULLIDO, Chief Justice; KATHERINE A. MARAMAN, Associate Justice; and JOHN A. MANGLONA, Justice *Pro Tempore*.

**CARBULLIDO, C.J.:**

[1]     Plaintiff-Appellant Paul A. Perez appeals an Order After Hearing by the Superior Court which stayed the case pending mediation. The Superior Court held the mediation was required by contract between the parties. Perez asserts the Superior Court abused its discretion because the parties were not contractually obligated to mediate this dispute. We disagree with Perez and affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

[2]     This appeal comes before this court early in the litigation below; no Answer has yet been filed to Perez's Complaint. The following facts derive from the limited record before us and appear uncontested by the parties.

[3]     Defendant-Appellee Monkeypod Enterprises, LLC ("Monkeypod") is a Limited Liability Company ("LLC") organized under the laws of Guam. Monkeypod operates under the "Amended Operating Agreement of Monkeypod Enterprises, LLC" ("Agreement"). The Agreement was signed by both Perez and Defendant-Appellee Bryan C. Duenas in February 2016 and was thereafter recorded by the Guam Department of Revenue and Taxation.

[4]     The Agreement contemplates two roles within Monkeypod: "members" and a "manager." Record on Appeal ("RA"), tab 9 (Decl. Duenas Supp. Mot. Dismiss, June 14, 2021), Ex. A at 3-6 (Am. Operating Agreement, Feb. 12, 2016). Members have certain rights under the Agreement; as relevant here, members have the right to "inspect any and all records maintained by the LLC upon reasonable notice to the LLC." *Id.* at 11. The Agreement lists two members—Perez and Duenas—and states that Perez and Duenas each hold a 50% membership interest in Monkeypod.

**[5]** The Agreement also contemplates the role of a manager. The manager of Monkeypod is "elected by a majority of the interest of the members qualified to vote," and is "authorized to conduct activities as he determines to be necessary to carry out the organization and operation of the LLC." *Id.* at 2. The Agreement installs Duenas as the initial manager of Monkeypod, and the parties agree Duenas is still the manager today, *e.g.*, Appellant's Br. at 6-7 (May 10, 2022); Appellee's Br. at 3 (June 23, 2022).

**[6]** In May 2021, Perez filed a Complaint in the Superior Court of Guam against Monkeypod and Duenas, alleging a violation of the "Guam Limited Liability Company Act." RA, tab 1 at 6 (Compl., May 24, 2021). Perez alleged he made a request to Monkeypod, through Duenas, to inspect or copy certain corporate records. In response, Duenas allegedly delivered some requested records to Perez, and then denied Perez access to the corporate premises to inspect the remaining records. Perez's lawsuit asks the court to order Monkeypod and Duenas to permit Perez's inspection and to award Perez fees and costs incurred in the litigation.

**[7]** In response, Monkeypod filed a Motion to Dismiss under Guam Rule of Civil Procedure ("GRCP") 12(b)(1) and 12(b)(6), arguing Perez's Complaint was not yet viable because Perez had not complied with the mandatory alternative dispute resolution provision contained in the Agreement. The relevant portion of that provision, found at Section VIII(4), provides:

> In any dispute over the provisions of this operating agreement and in other disputes among the members, if the members cannot resolve the dispute to their mutual satisfaction, the matter shall be submitted to mediation. The terms and procedure for mediation shall be arranged by the parties to the dispute.

RA, tab 9 (Decl. Duenas Supp. Mot. Dismiss), Ex. A at 11 (Am. Operating Agreement) (hereafter, "Mediation Provision").[1] Monkeypod and Duenas argued that the Complaint alleged a "dispute

---

[1] After discussing mediation, Section VIII(4) provides that arbitration "may" proceed "[i]f good-faith mediation of a dispute proves impossible or if an agreed-upon mediation outcome cannot be obtained by the members . . . ." RA, tab 9 (Decl. Duenas Supp. Mot. Dismiss, June 14, 2021), Ex. A at 11 (Am. Operating Agreement, Feb. 12,

among the members" of Monkeypod, mandating alternative dispute resolution before litigation; accordingly, Monkeypod and Duenas argued that the Superior Court lacked jurisdiction to hear the case at this time. RA, tab 11 at 2-3 (Mot. Dismiss, June 14, 2021). Monkeypod and Duenas primarily sought dismissal of the Complaint, but they also argued in the alternative for the case to be "stayed and referred to mediation." *Id.* at 3-4. In response, Perez argued that the alternative dispute resolution provisions of the Agreements did not apply because his Complaint did not allege a dispute "among the members" of Monkeypod. RA, tab 14 at 2-4 (Mem. P. & A. Opp'n Mot. Dismiss, July 12, 2021). Instead, Perez argued his Complaint alleged a dispute "between any member and any Manager," which, in his view, is beyond both the express language of the alternative dispute resolution provisions and Perez's contractual intent when he agreed to the provision. *Id.* at 8.

[8]      The Superior Court held a hearing on the motion in August 2021 and then issued the Order After Hearing which gave rise to this appeal. The Superior Court first found that Perez and Duenas are the "sole two members" of Monkeypod. RA, tab 18 at 1 (Order After Hr'g, Aug. 17, 2021). The Superior Court then held that "because Perez has filed a dispute concerning the business of Monkeypod, such dispute qualifies as a 'dispute among the members' under the Agreement, thereby activating the mandatory mediation requirement." *Id.* at 2. The Superior Court did not dismiss the case, but it granted the alternative relief sought: the court stayed the case "to allow the parties to satisfy their contractual agreement to mediate the present dispute." *Id.*[2]

---

2016). The applicability of the arbitration provision is not before the court at this time. The Superior Court explicitly reserved its ruling on "whether arbitration is mandatory should mediation be unsuccessful," RA, tab 18 at 2 (Order After Hr'g., Aug. 17, 2021), and we decline to address the issue of arbitration in the first instance.

        [2] At the hearing, the Superior Court clarified that it was not "ordering mediation," but was instead staying the case to allow the mediation to occur as required by contract. Transcript ("Tr.") at 18-19 (Mot. Hr'g, Aug. 13, 2021).

**[9]**     Perez then filed a petition for permission to file an interlocutory appeal in this court.  Perez sought review of the Superior Court's interpretation and application of the alternative dispute resolution provisions of the Agreement.  We granted the petition, first finding jurisdiction because the Superior Court's stay was tantamount to an injunction, which is immediately appealable under 7 GCA § 25102(f), and further holding the issue was appropriate for interlocutory review under 7 GCA § 3108(b) because it addressed a pure question of law.  Order at 4-5 (Feb. 8, 2022).

## II.  JURISDICTION

**[10]**     We have jurisdiction to entertain this interlocutory appeal.  *See* Order at 5 (Feb. 8, 2022); *see also* 48 U.S.C.A. § 1424-1(a)(2) (Westlaw through Pub. L. 117-228 (2022)); 7 GCA §§ 3107(a), 3108(b) (2005).   Interpreting a contractual provision governing alternative dispute resolution "is proper for interlocutory review because such review will 'clarify further proceedings' and '[c]larify issues of general importance in the administration of justice.'"  *Guam YTK Corp. v. Port Auth. of Guam*, 2014 Guam 7 ¶ 15 [hereinafter "*YTK I*"] (alteration in original) (quoting *Brown v. Dillingham Constr. Pac. Basin Ltd.*, 2003 Guam 2 ¶ 12); *see also* Order (Feb. 8, 2022).

## III.  STANDARD OF REVIEW

**[11]**     "The standard of review in an interlocutory appeal generally is whether the . . . [trial] court abused its discretion in granting or denying the requested relief."  *YTK I*, 2014 Guam 7 ¶ 16 (alterations in original) (quoting *Brown*, 2003 Guam 2 ¶ 6).

**[12]**     In granting this appeal, we likened the Superior Court's stay of the proceedings to a grant of injunction.  *See* Order at 5 (Feb. 8, 2022).  We review the grant of a preliminary injunction for abuse of discretion.  *Gov't of Guam v. Gutierrez ex rel. Estate of Torres*, 2015 Guam 8 ¶ 12 (citing *Hongkong & Shanghai Banking Corp. v. Kallingal*, 2005 Guam 13 ¶ 17).  However, "[i]ssues of

law that underlie the grant of an injunction are reviewed *de novo* . . . ." *Id.* The underlying issue of law—whether the Superior Court erred in its interpretation of the mediation provision— involves contractual interpretation, which we perform *de novo*. *YTK I*, 2014 Guam 7 ¶ 18 (citing *Guam Hous. & Urban Renewal Auth. v. Pac. Superior Enters. Corp.*, 2004 Guam 22 ¶ 29 [hereinafter "*GHURA*"]. Further, we have held that "a trial court's decision regarding the scope of an arbitration clause is . . . reviewed *de novo*," *id.*, and as this opinion shall explain, a trial court's decision about the scope of a mediation provision is also reviewed *de novo*.

## IV. ANALYSIS

[13] Perez ostensibly presents one issue on appeal, although that one issue implicates separate analyses.[3] As in the Superior Court, Perez argues his Complaint does not present a dispute "among the members" of Monkeypod, but rather a dispute "between any member and any manager" of Monkeypod; in his view, the latter is not "among the members" of Monkeypod and does not trigger mandatory mediation. Appellant's Br. at 9-12. Perez argues the Superior Court made an error of law and abused its discretion by staying the underlying case based on its misinterpretation of the Mediation Provision. *Id.* at 12. We must decide two issues: first, whether the Superior Court erred in interpreting the Mediation Provision to apply to the Complaint, and second, whether the Superior Court erred by staying the underlying litigation.

---

[3] Perez phrases his issue as follows:

> Whether the Superior Court made an error of law or abused its discretion by staying the underlying case pending mediation, which the Appellant never agreed to, pursuant to the Order After Hearing, when the Superior Court misinterpreted the clause of the <u>Amended Operating Agreement of Monkeypod Enterprises, LLC</u> as requiring mediation "among the members" where the dispute, as averred in the <u>Complaint for Inspection of Books and Records,</u> is between Mr. Perez, who is a member, and the Defendant-Appellee, Bryan C. Duenas . . . solely in his capacity as the "Manager," of the Defendant-Appellee, Monkeypod Enterprises, LLC . . . .

Appellant's Br. at 2 (May 10, 2022).

**A. The Superior Court Did Not Err in Concluding the Agreement Requires Mediation of this Dispute**

[14]     The Mediation Provision of the Agreement provides: "In any dispute over the provisions of this operating agreement and in other disputes among the members, if the members cannot resolve the dispute to their mutual satisfaction, the matter shall be submitted to mediation." RA, tab 9 (Decl. Duenas Supp. Mot. Dismiss), Ex. A at 11 (Am. Operating Agreement). The parties have largely confined their argument to whether Perez's claim presents a "dispute among the members" of Monkeypod, but we first note the claim also appears to present a "dispute over the provisions of [the] operating agreement." *Id.* Section VIII(2) of the Agreement requires Monkeypod to keep certain business records and grants its members the right to "inspect any and all records maintained by the LLC." *Id.* Perez's right to inspect Monkeypod's records is at least partially grounded in the Agreement,[4] and Perez alleged the substance of Section VIII(2) in paragraphs 9 and 10 of his Complaint.

[15]     Because Perez's Complaint is based in part on his contractual right to inspect under the Agreement, the Complaint presents a "dispute over the provisions" of the Agreement. Courts typically hold that "generic" alternative dispute resolution clauses—i.e., those triggered by disputes "arising out of" or "related to" an operating agreement—should be construed broadly in favor of alternative dispute resolution. *See, e.g.*, *Bass v. SMG, Inc.*, 765 N.E.2d 1079, 1085 (Ill. App. Ct. 2002) ("[T]he parties are obligated to arbitrate *any* dispute that arguably arises under an agreement containing a 'generic' provision."); *David Terry Invs., LLC-PRC v. Headwaters Dev.*

---

[4] Although Perez's claim is also based in part on an alleged violation of the Guam Limited Liability Company Act, a parallel statutory basis for a contractual claim does not "trump[] the contract and . . . nullif[y] the existence of the arbitrable issue." *Alexander v. Minton*, 855 So. 2d 94, 96 (Fla. Dist. Ct. App. 2003). In other words, Perez's choice to ground his claim partially in a statutory violation is not dispositive as to whether the contractual agreement to mediate is applicable. As the *Minton* court noted, to hold otherwise, i.e., to allow a plaintiff to artfully plead around a valid alternative dispute resolution provision, would "abrogate th[e] public policy" favoring the enforcement of alternative dispute resolution. *Id.*; *see also YTK I*, 2014 Guam 7 ¶ 24 (recognizing similar policy in Guam).

*Grp. Ltd. Liab. Co.*, 463 P.3d 117, 122-23 (Wash. Ct. App. 2020) (applying broad construction to arbitration provision triggered by a "dispute 'over this Agreement'"); *see also PRM Energy Sys., Inc. v. Primenergy, L.L.C.*, 592 F.3d 830, 836-37 (8th Cir. 2010) (collecting federal circuit cases reaching the same conclusion).

[16]     The "dispute over the provisions" language here is similarly "generic" and should therefore also be interpreted broadly.  Had the parties intended to exclude disputes of this nature from mandatory mediation, they could have limited the scope of the Mediation Provision.  But they did not; the provision is written broadly and so must be interpreted broadly as well.  *Cf. Cnty. of Haw. v. UNIDEV, LLC*, 301 P.3d 588, 606 (Haw. 2013) ("The failure of the parties to unambiguously limit the arbitrability of disputes suggests that they intended a longer reach for the arbitration clauses."); *Sweet Dreams Unlimited, Inc. v. Dial-a-Mattress Int'l, Ltd.*, 1 F.3d 639, 643 (7th Cir. 1993) (similar).  We hold that this dispute presents a "dispute over the provisions" of the Agreement and is subject to mediation.  While we could resolve the case solely on this basis, we elect to engage with the parties' primary arguments and analyze the "disputes among the members" phrase in the Mediation Provision as well.

[17]     An arbitration agreement is a matter of contract.  *See Ass'n of Apartment Owners of Guam Yamanoi Condo. v. Guam Yamanoi Inc.*, 2019 Guam 14 ¶¶ 13-14; *Guam YTK Corp. v. Port Auth. of Guam*, 2019 Guam 12 ¶ 22 [hereinafter "*YTK II*"]; *YTK I*, 2014 Guam 7 ¶ 22; *Gov't of Guam v. Pacificare Health Ins. Co. of Micr., Inc.*, 2004 Guam 17 ¶ 24; *Brown*, 2003 Guam 2 ¶ 16.  We now clarify that mediation agreements, like arbitration agreements, are also matters of contract.  *See, e.g.*, *Fisher v. GE Med. Sys.*, 276 F. Supp. 2d 891, 894 (M.D. Tenn. 2003) ("Principles of state contract law determine whether a binding arbitration, or mediation, agreement exists."); *Tattoo Art, Inc. v. Tat Int'l, LLC*, 711 F. Supp. 2d 645, 650 (E.D. Va. 2010) ("[T]he mediation provision

must be interpreted in accordance with [state] contract principles."); *Wark v. Zucker*, 2021 VT 37, ¶ 12, 214 Vt. 605, 256 A.3d 55 ("[T]o determine whether a mediation clause is enforceable, we look to contract law."); *Kirsch v. Kirsch*, 933 So. 2d 623, 626 (Fla. Dist. Ct. App. 2006) ("The interpretation of [mediation] agreements is subject to contract law principles."); *see also* 7 GCA § 43A103 (2005) ("An agreement in a writing to settle a controversy by mediation shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.").

[18]    We therefore interpret a mediation agreement, like an arbitration agreement, under "ordinary state-law principles that govern the formation of contracts." *YTK I*, 2014 Guam 7 ¶ 22 (quoting *GHURA*, 2004 Guam 22 ¶ 30).  Guam follows the "'plain meaning' or traditional approach" to contractual interpretation. *Wasson v. Berg*, 2007 Guam 16 ¶ 17.  Under this approach, we "discern and give legal effect to the intent of the parties at the time of contracting" by "generally, and whenever possible" restricting our analysis to the plain meaning of the contract terms. *Id.* ¶ 10; *see also* 18 GCA § 87105 (2005) ("When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible . . . .").  Further, "[t]he whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other."  18 GCA § 87107 (2005).

[19]    We pause here to reject Perez's argument that our review must be deferential to his pleading choices.  Perez cites *Ukau v. Wang*, 2016 Guam 26 ¶ 51, to suggest this court should decide the meaning of the phrase "dispute among the members" while "construing the complaint in the light most favorable to Mr. Perez, and resolving all doubts in [his] favor."  Appellant's Br. at 12.  We disagree; *Ukau* does not apply here and does not compel a deferential review.  The *Ukau* standard affords deference when deciding whether the trial court erred in *granting* a motion

to dismiss. 2016 Guam 26 ¶ 51. In that analysis, we assume the facts alleged are true so we can focus on the separate question of whether these facts are sufficient to create a viable legal claim. That is not the circumstance here. The Superior Court *did not* grant Monkeypod's Motion to Dismiss and *did not* hold that Perez failed to state a cognizable legal claim. Instead, the Superior Court held that Perez had not satisfied a contractual obligation and stayed the matter. Thus, the question on appeal is whether the Superior Court's analysis of the contract was erroneous. Our review of that question is *de novo* and owes no deference to the allegations of the Complaint. *Cf. Balles v. Babcock Power Inc.*, 70 N.E.3d 905, 911 n.12 (Mass. 2017) ("[A] court generally will accord no deference to a party's interpretation of a contract but, rather, will focus on the language of the instrument to effectuate its terms.").

[20] On *de novo* review of the Agreement, we find nothing in the contract to answer whether a dispute between a member and a member-manager should be considered a dispute "among the members" of Monkeypod. There is no language in Section VIII(4), or any other section, which explains the scope of a "dispute[] among the members." The definition of "members" does not define whether a member who is also a manager should be treated as a "member" or as a "manager" for purposes of the phrase "disputes among the members." We find nothing in the Agreement to explain what the parties intended for the phrase "disputes among the members" to mean. The phrase is ambiguous.

[21] Although a contractual provision ideally would be interpreted only through the "four corners" of the contract itself, extrinsic evidence can be admissible to explain ambiguous terms. *Wasson*, 2007 Guam 16 ¶ 11. However, the extrinsic evidence in the record is not compelling. The only such extrinsic evidence we are aware of is a declaration filed by Perez, which asserts Perez "never intended" the Mediation Provision to apply to disputes between "any member and

any Manager." RA, tab 13 at 2 (Decl. Perez, July 12, 2021). However, we find the probative value of this declaration to be low. *See Sykes v. Melba Creek Mining, Inc.*, 952 P.2d 1164, 1170 n.12 (Alaska 1998) ("[T]here is little probative value to be found in self-serving testimony by parties concerning their subjective intent upon entering into a contract.").

[22]    We therefore resort to our well-established judicial policy favoring alternative dispute resolution. As prior cases explain, we construe arbitration agreements broadly in favor of arbitrability. *See, e.g.*, *Sumitomo Constr. Co. v. Zhong Ye, Inc.*, 1997 Guam 8 ¶ 14 ("[A]ny doubt as to the arbitrator's jurisdiction is resolved in favor of arbitration."); *GHURA*, 2004 Guam 22 ¶ 31 ("[A] court may not deny a party's request to arbitrate an issue 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" (quoting *Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909 (7th Cir. 1999))). Thus, "ambiguities regarding the question of '*whether* a particular merits-related dispute is arbitrable because it is within the scope of a valid arbitration agreement' are construed in favor of arbitration." *Pacificare*, 2004 Guam 17 ¶ 26 (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944-45 (1995)); *accord YTK I*, 2014 Guam 7 ¶ 24; *Guam Yamanoi*, 2019 Guam 14 ¶ 13.

[23]    The same judicial policy favoring arbitration also favors mediation. As with arbitration, Guam law favors mediation as an alternative to litigation. *See, e.g.*, Guam Pub. L. 27-081:1 (Apr. 30, 2004) (Legislative Findings and Intent); Local Rules of the Superior Court of Guam, Miscellaneous Rule ("MR") 4.1.1 ("Purpose. The Judiciary of Guam desires to encourage the prompt and equitable resolution of disputes, to reduce financial and emotional burdens of lengthy litigation, to promote restorative justice and peer mediation, and to resolve cases within recommended judicial time standards and these Rules support these principles."). We therefore

hold that, as with arbitration, a contractual obligation to mediate should be construed to favor mediation unless we find "positive assurance" that the mediation agreement does not encompass the asserted dispute. *Cf. GHURA*, 2004 Guam 22 ¶ 31. Thus, any doubts as to whether a contractual provision requires mediation should be resolved in favor of mediation. *Cf. Sumitomo Constr.*, 1997 Guam 8 ¶ 14.

[24] Applying those principles here, we cannot say with "positive assurance" that the Mediation Provision does not encompass this dispute. The phrase "disputes among the members" is ambiguous, but also broad: the phrase is not limited by language narrowing the type of disputes or the type of members to whom the provision applies. This counsels against a finding that the language of the provision excludes the circumstance presented here. There is only minimal extrinsic evidence in the record regarding the intention of the parties concerning this phrase. And as the Superior Court noted and evidently found significant, Perez and Duenas are the only two members of Monkeypod, and more importantly *were* the only members of Monkeypod when the Agreement was executed. As Perez and Duenas were the only parties to whom this provision could have applied when the Agreement was executed, it is plausible that the phrase "disputes among the members" was intended to mean "disputes between Perez and Duenas." To be clear, we cannot and do not decide whether this was what the parties actually intended. Instead, we raise this hypothetical to suggest there is at least one plausible interpretation of the Agreement that brings this dispute squarely within the Mediation Provision; accordingly, it cannot be said with "positive assurance" that the ambiguous phrase "disputes among the members" can *only* exclude disputes between a member and a member-manager.

[25] Finally, to the extent the Complaint could be construed to present a dispute between Perez and Monkeypod itself—i.e., a dispute between a member and the LLC, not a dispute between a

member and a member-manager—case law diverges on whether such a dispute qualifies as "among the members." In *Sanctuary Capital, LLC ex rel. North Louisiana Bidco, LLC v. Cloud*, the Louisiana Court of Appeals held a dispute arising from a member's request to view the LLC's records was not a dispute "between members." 163 So. 3d 890, 894-95 (La. Ct. App 2015). The *Cloud* court reasoned:

> [T]he right of members to view the company's books and records is fundamentally a question of the rights of the members vis-a-vis the company and not a dispute between members and managers even though the managers may be the parties charged with acting on behalf of the company. Accordingly, this dispute is neither a dispute *between* members nor a true derivative action to enforce the company's rights. The plaintiff members are seeking to enforce their own rights against the company itself. For purposes of the mediation/arbitration clause, this is not a dispute *between* members. In the absence of a genuine dispute between members, the arbitration clause is not triggered.

*Id.* By contrast, in *Central Accounting Systems, Inc. v. Comprehensive Post Acute Network, Ltd.*, the Ohio Court of Appeals held a dispute between a member and the LLC was ultimately a dispute "between members" because "[w]hile the Company may also carry an LLC designation, it is nonetheless still comprised of Members.". No. CA2014-03-082, 2014 WL 6148578, at *3 (Ohio Ct. App. Nov. 17, 2014). However, as this issue was not significantly developed in the appellate briefing, we decline to decide the issue effectively *sua sponte*. *Cf. Allen v. Richardson*, 2020 Guam 13 ¶ 23 (noting, but reserving judgment on, an issue not developed by the parties).

[26]     Analyzing Perez's Complaint and the Agreement *de novo*, we conclude the Superior Court did not make an error of law in holding that Perez alleged a "dispute among the members" of Monkeypod. And because this was not an error of law, we reject Perez's argument that the Superior Court abused its discretion in so holding.

//

//

**B.  The Superior Court Did Not Err in Staying the Case Pending Mediation**

[27]    We next consider whether the court abused its discretion by staying the case before mediation.  This circumstance is directly addressed by Local Rules of the Superior Court of Guam, MR 4.1.9(c), which provides:

> A stay of all proceedings, a portion of the proceedings or of discovery may be ordered when the assigned judge determines a stay would be beneficial, otherwise no stay should be entered while a case is in mediation.  All applicable limitation periods, including periods of prescription, shall be tolled or extended upon commencement of mediation, and shall remain tolled until the tenth (10th) day following the termination of mediation.

MR 4.1.9(c); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

[28]    Under MR 4.1.9(c), the Superior Court has the power to stay litigation while mediation is pending if the Superior Court believes a stay would be "beneficial."  Although the Superior Court's Order After Hearing did not explicitly hold that the stay here would be "beneficial," that conclusion is obvious in context.  Having decided that mediation was mandatory under the contract, the Superior Court's stay allowed Perez to meet his contractual obligation, avoiding dismissal.[5]  Such a decision was beneficial to Perez, and we do not find it erroneous.  We thus conclude the Superior Court did not abuse its discretion by staying the litigation pending mediation.

//

//

//

---

[5] *See* Tr. at 14 (Mot. Hr'g, Aug. 13, 2021) (Superior Court: "I don't think dismissal's the appropriate remedy, because they could very well amend their complaint after you've gone to mediation . . . so I'd be willing to stay the matter as there is mediation that appears to be mandatory under the terms of this operating agreement, and then once you've done that you can amend your complaint and say that you've satisfied the mediation provision, and then come back.").

## V.  CONCLUSION

[29]    The Superior Court did not abuse its discretion when it concluded that the Agreement between the parties compelled mediation and did not abuse its discretion when it stayed the case pending that mediation.  We **AFFIRM** the Superior Court's Order After Hearing.


|                          /s/                          |                          /s/                          |
| :---------------------------------------------------: | :---------------------------------------------------: |
| KATHERINE A. MARAMAN                                   | JOHN A. MANGLONA                                       |
| Associate Justice                                     | Justice *Pro Tempore*                                 |


                          /s/
                  F. PHILIP CARBULLIDO
                      Chief Justice